### THE VILLAGE OF HYDE PARK

*v.*

### LAWRENCE A. CARTON *et al.*

*Filed at Ottawa January 21, 1890.*

1. ORDINANCE—*requisites, generally—validity—by whom to be determined.* An ordinance to be valid must be reasonable, and not oppressive. It must be impartial and fair. It is the province of the court to pass upon the validity of ordinances.

2. SAME—*ordinance for constructing sewer—requisites—sufficiency—as to description of proposed improvement.* An ordinance for the construction of a box sewer by special assessment failed to designate the territory to be drained, or to set apart any lands as constituting a drainage district. The box drain was to commence at Lake Michigan and run west along a street two miles, and no provision was made for any intermediate openings in the sewer, so as to drain lands north and south of the sewer: *Held,* that such ordinance was void, for want of a sufficient description of the improvement, and for unreasonableness in failing to make proper provision for draining the lands on either side of the sewer other than at the *termini.*

3. Where the improvement to be made by special assessment is to be made for drainage purposes, the ordinance can not correctly specify its nature and character, without designating in some way the territory to be drained, and making such reasonable provisions as are necessary to effect such drainage.

4. An ordinance for the construction of a box sewer two miles in length required certain pieces of lumber to be set at equi-distant points, not more than four feet apart, thus leaving it to the contractor or engineer, or some one else, to determine how close together those timbers should be set along the line: *Held,* that this description was not sufficiently definite to enable the commissioners to be appointed to make an intelligent estimate of the cost.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. FRANCIS E. HALLIGAN, for the appellant.

Messrs. DOOLITTLE, McKEY & TOLMAN, Mr. R. S. THOMPSON, Mr. J. S. SCOVILLE, and Mr. J. E. CORNELL, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an appeal from an order of the County Court of Cook County, sustaining certain objections to the confirmation of a special assessment for a wooden box drain in 71st Street from Lake Michigan to Woodlawn Avenue in the Village of Hyde Park, and refusing judgment of confirmation as to the property whose owners filed objections.

The main objection is, that the ordinance providing for the improvement does not specify therein "the nature, character, locality and description of such improvement," as required by section 19 of article 9 of the City and Village Act. We think that the objection was well-taken and that the County Court ruled correctly in sustaining it.

By the terms of the stipulation embodied in the bill of exceptions, the improvement contemplates the construction of a box drain as described in the ordinance from the shore of Lake Michigan westerly along 71st street to Woodlawn Avenue, a distance of about two miles, and property lying along on each side of 71st Street and extending back at some points a distance of one half mile has been assessed various amounts along the whole distance from Lake Michigan to Woodlawn Avenue, including the lands owned by the objectors.

The ordinance provides that the center of the drain shall be parallel to and twenty feet south of the center line of 71st street, and that the grade of the bottom thereof shall be village *datum* at Lake Michigan, and thence rise, at the rate of one foot to one mile, to its western terminus. After describing the manner, in which the box drain shall be constructed, the ordinance further provides that the outlet of the drain shall be protected by a pier extending east into Lake Michigan fifteen feet from the water line and "on to the land a distance of ten feet," the top of the pier when filled and completed to be eight feet above village *datum*.

The most serious objection to the ordinance is, that it makes no provision for any openings in the box-drain except at its western end and at its eastern outlet into the Lake. .The drain is to be two miles long, and, while lands lying west of its western terminus may be drained into it, it is difficult to see how lands lying along side of it and north and south of it can be drained into it without openings between the two ends of it.

The Act of 1885, (3 Starr & Cur. Ann. Stat. page 99) vesting the corporate authorities of cities and villages with power to construct drains, contemplates that such drains will be constructed for the purpose of draining lands within their corporate limits. (*Village of Hyde Park* v. *Spencer*, 118 Ill. 446.) The present ordinance does not designate the territory proposed to be drained, nor set apart any portion of the lands in the village as a drainage district. If it is to be inferred that all the lands lying immediately north and south of 71st Street are to be drained, then the drain ought to be so constructed as to be fitted for the accomplishment of such purpose. Ordinances must be reasonable; they must not be oppressive; they must be impartial and fair; the courts have a right to pass upon their validity. (Dill. on Mun. Corp., 3d ed. secs. 319 to 322, and 327). It is reasonable to suppose that, where a box drain is two miles long, openings between the two ends of it will be needed for drainage purposes by those owning lands on either side of it. It is unreasonable to suppose, that such lands can be drained .by means of a single opening which lies to the west of them. If lands lying altogether west of the western terminus of the drain are the only lands to be drained, it would seem to be unjust to assess the cost of the drain upon the abutting property owners. ·

The statute requires that the ordinance shall specify "the nature and character * * * of such improvement." Where the improvement to be made by special assessment is to be made for drainage purposes, the ordinance cannot correctly

specify its nature and character without designating, in some way, the territory to be drained, and making such reasonable provisions as are necessary to effect such drainage.

Again, in the specifications for the construction of the box drain, as set forth in the ordinance, certain pieces of lumber are required to be set at equi-distant points of "*not more than four feet,*" etc. It is thus left to the contractor, or engineer, or somebody else, to determine whether they shall be set at distances, for instance, of four feet, or two feet; if the latter, the amount of lumber and spikes and labor required will be twice as much as at the former distance. In case of a drain as long as two miles, the difference between spaces of two feet and spaces of four feet will make a material difference in the cost. This description is not sufficiently definite to enable the commissioners, to be appointed under section 20 of article 9, to make an intelligent estimate of the cost of the improvement. (*City of Springfield* v. *Mathus,* 124 Ill. 88; *Levy* v. *City of Chicago,* 113 id. 650). Their report in the present case estimates the total cost of the improvement at the sum of $14,600.00, without giving any items or details. If they figured the cost on the basis of setting these pieces at distances of two feet apart, there is nothing in the ordinance to prevent the contractor from setting them at four feet apart. The contractor thus gains twice what he ought to have, and the property owners are assessed twice as much as is just or necessary for them to pay.

The judgment of the County Court is affirmed.

*Judgment affirmed.*