THE TITLE GUARANTEE AND TRUST CO., Receiver, *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 12, 1896—Rehearing denied October 13, 1896.*

1. SPECIAL ASSESSMENTS—*assessment for city sewer—prospect of future connection with sewer as basis of assessment.* No assessment based upon the prospect of a future connection with a sewer can be valid unless a drainage district is created which will drain into it, or some provision is made which will eventually effect such connection.

2. SAME—*where benefits depend on future work the latter must be provided for.* Property cannot be assessed for an improvement where it can not be benefited except in case of subsequent work for which no provision is made.

3. SAME—*when ordinance is invalid as a basis of special assessment.* An ordinance for the construction of a sewer in such a manner that to make it of any use it must be covered to a depth of several feet, without provision for the work of furnishing data for an estimate of the cost of covering it, or for an assessment, is invalid as the basis of a special assessment.

4. COURTS—*reasonableness of exercise of power is for the court.* The reasonableness of the exercise of a legislative grant of power to a city over the construction of sewers is to be determined by the court as a question of law.

5. SAME—*when court may pass upon the reasonableness of ordinance for sewer.* The rule that an ordinance specifically authorized by statute cannot be impeached because it is unreasonable, does not apply to an ordinance for the construction of a sewer, passed under a general power over the subject, as such grant is subject to the implied limitation that its exercise shall be reasonable.

6. SAME—*power of court not taken away by provision of general Incorporation act.* The fact that the general act for the incorporation of cities expressly provides that sewers may be paid for by special assessment, the proceeding to conform to the provisions of article 9 of the act, does not preclude the courts from passing upon the reasonableness of the ordinance.

7. SAME—*power of court to hold preliminary questions under advisement until after trial.* The court cannot hold under advisement preliminary questions involving the validity of an ordinance for the construction of a sewer until after trial before a jury, as the objectors have a right, before such trial, to a decision as to whether the ordinance and assessment legally afford any basis for a trial.

APPEAL from the County Court of Cook county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

WILSON, MOORE & MCILVAINE, WILLIAM J. DONLIN, JOHN A. MAY, and IRA J. GEER, for appellants.

J. D. ADAIR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of confirmation, entered in the county court of Cook county, of a special assessment for the construction of a sewer 5600 feet long, in One Hundred and Sixth street, from the Calumet river east to the Indiana State line. The estimated cost of the sewer was $34,948.69, and assessments aggregating about that sum were levied upon a district extending the length of the sewer and a quarter of a mile north and half a mile south therefrom, covering a territory of 480 acres as stated by appellee and 600 acres as claimed by appel-

lants.   A very large part of the property was objected for.   The objections were held by the court, and after a trial by a jury were overruled.

The objection made on behalf of property not situated on One Hundred and Sixth street, in which the sewer was to be laid, both by formal objection filed and by motion to strike out from the assessment roll such property, was, that as to such lands and lots no provision was made for connecting them with the sewer, and there had been no legislation by which it could be known that any such lands would ever be permitted to drain into the sewer. It was shown to the court that the proposed sewer would lie, in large part, above the natural surface of the ground, and that the catch-basins and man-holes, when constructed, would stand above the surface of the ground, varying in height from one to four feet, so that there could be no surface drainage from the district into the sewer.   As the land now is the surface drainage is good, and the sewer would operate as a dam to prevent surface drainage of the lands lying north of it.   As there could be no surface drainage, the property not abutting upon the sewer could not be in any way benefited, unless, in the course of time, laterals should be built.   It is true that property may be benefited which is not directly reached by a sewer, provided the ordinance is of such a character as to bring an outlet for sewerage nearer to the property, with some provision permitting the property to use such outlet in the future.   But no assessment can be valid, based upon a prospect of a future connection with a sewer, unless a drainage district is created which will drain into it or some provision is made which will eventually effect such connection.   The privilege of using the sewer in such cases depends upon the will of a body not within the control of the property owners, which may be expressed against the privilege.   This ordinance designated no territory to be drained, and made no provision necessary to effect drainage from the land for which this

objection was made. Whether such property would ever be connected with the sewer rested in the discretion of the city council, which had not been exercised, and which might be exercised either one way or the other. Where property cannot be benefited except in case of subsequent work for which no provision is made, it cannot be assessed for the improvement, and the objection should be sustained. *Village of Hyde Park* v. *Carton,* 132 Ill. 100; *Hutt* v. *City of Chicago,* id. 352; *Edwards* v. *City of Chicago,* 140 id. 440; *Washington Ice Co.* v. *City of Chicago,* 147 id. 327.

It is claimed on the part of appellee that there is no proof in the record that the property so objected for did not abut upon the line of the proposed sewer in One Hundred and Sixth street. This is a mistake. The evidence showed that the district extended a quarter of a mile north and half a mile south from that street. Some of the tracts of land were described in the assessment roll by government subdivisions, and there was no contradiction of the evidence that the greater part of the property did not abut upon that street, but was situated on other streets and avenues.

Objection was also made and motion entered to cancel and annul the assessment, for the reason that the ordinance providing for the same was unreasonable, oppressive and void. Counsel for appellee says that this objection was properly overruled, because the court had no jurisdiction to decide it. This claim is based upon the well-known rule, that where the legislature has, in terms, conferred upon a municipal corporation power to pass an ordinance of a specified and definite character, such an ordinance as is so authorized cannot be impeached because it is unreasonable. The legislature may confer authority to adopt unreasonable ordinances,—or, in other words, what the legislature has said may be done cannot be set aside because the act may be deemed unreasonable. But it is only where the ordinance follows the power conferred by the legislature, so that it may be

said that the legislature has authorized the particular ordinance, that its reasonableness cannot be inquired into. The power to construct sewers is contained in the twenty-ninth clause of section 1 of article 5 of the act for the incorporation of cities and villages, as follows: "To construct and keep in repair culverts, drains, sewers and cess-pools, and to regulate the use thereof." By the fifty-seventh clause further power is given, as follows: "To regulate the construction, repairs and use of vaults, cisterns, areas, hydrants, pumps, sewers and gutters." By these provisions power to legislate for the construction of sewers is conferred, but the nature of the legislation is left to be determined by the city. The grant of power is general in its nature, and its exercise may be either reasonable, or arbitrary, unreasonable and oppressive. In such cases the legislative grant is subject to the implied limitation that its exercise shall be reasonable, and the courts have power to pass upon and determine that question as one of law. *Village of Hyde Park* v. *Carton, supra; Hawes* v. *City of Chicago*, 158 Ill. 653.

It is argued that the fact that the statute provides that the improvement may be made by special assessment, and that when so made the proceeding shall conform to the provisions of sections 18 to 51, inclusive, of article 9 of said act, takes the ordinance out of the rule. But article 9 does not confer any power. It merely provides a method for levying and collecting the cost of the improvement. Power having been given to the city to adopt that method of assessment and collection, the court cannot inquire into the wisdom or expediency of adopting it in a particular case. But that has nothing to do with the question now under consideration.

There were from half a dozen to a dozen houses on the south side of One Hundred and Sixth street in its entire length, and not a house on the north side between Calumet river and the Indiana State line. If the lots and lands not abutting on One Hundred and Sixth street are

stricken out, it is presumed that the scheme for a trunk sewer like this, with an internal diameter of five and one-half feet at one end and three feet at the other, to be paid for by the abutting property, would not be entertained by the city.   As we have held that the lots not abutting on the sewer should have been stricken out, we need not consider the ordinance as relating to the whole district.

The parties were agreed that in order to protect the sewer and complete the improvement so that it would be of any use, it must be covered to a depth of several feet.   The ordinance made no provision for that work, but merely provided for the construction of the sewer proper, with its appurtenances.   If left as provided by the ordinance it would be utterly useless and of no benefit to any property.   If it should be covered so as to complete the improvement, the ordinance furnished no data for an estimate of the cost by the commissioners or for an assessment, and it is obvious that no special assessment could be levied under it.   There was no way, from the ordinance itself, of ascertaining what the cost of the complete improvement would be, so that it might be apportioned upon the property benefited.   *Washington Ice Co.* v. *City of Chicago, supra.*

It is also complained by the appellants that the court took the legal questions raised by their objections and motion under advisement, and refused to pass upon them until after a trial by a jury.   It is argued on the part of appellee that this was within the discretion of the court, but we think that the court has no such discretion.   The legal questions raised were preliminary to the question whether a jury should be called or not, and the objectors had a right to a decision as to whether the ordinance and assessment legally afforded any basis for a trial upon the question of benefits, before being required to try the issue.

The judgment will be reversed and the cause remanded.                    *Reversed and remanded.*