PHILIP H. GRAY *et al.*

*v.*

THE TOWN OF CICERO.

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. DRAINAGE—*act of 1885 did not repeal any of the powers given cities in City and Village act.* The Drainage act of 1885 (Laws of 1885, p. 60,) does not repeal, by implication, any of the powers granted to cities and villages under article 9 of the City and Village act.

. 2. SAME—*city may still construct drainage improvements under City and Village act.* A municipality may, under the general powers conferred by article 9 of the City and Village act and its amendments, by ordinance construct sewers in and drain portions of its territory having its limits accurately bounded and defined, without proceeding under the Drainage act of 1885.

3. SAME—*when drainage assessment may be divided into installments.* An assessment for a drainage improvement constructed under the authority of article 9 of the City and Village act and its amendments, and not under the Drainage act of 1885, may be divided into installments. (*City of Charleston* v. *Cadle,* 166 Ill. 487, and *Same* v. *Johnston,* 170 id. 336, distinguished.)

4. SAME—*when ordinance does not grant away city's police power.* An ordinance for an outfall sewer does not grant away the police power of the municipality by providing that the use and benefit of such sewer shall be available to all property owners obtaining permission to make connection therewith, as the municipality will still have power to regulate the manner of making such connections and to abate any nuisance which might be created.

5. EVIDENCE—*when other ordinances are competent at confirmation to show good faith.* Where an ordinance for an outfall sewer provides for openings on both sides for the purpose of connection with lateral sewers or drains, other ordinances, providing for the construction of lateral branches of the sewerage system, may be introduced

at the confirmation to show good faith by the city in carrying out its provisions for lateral connections.

6. IMPROVEMENTS—*act of 1897 does not apply to pending proceedings.* The act of July 1, 1897, concerning local improvements, does not apply to proceedings pending, under article 9 of the City and Village act, at the time the former act took effect; and a proceeding is so pending where the petition was filed and the commissioners appointed June 30, 1897.

7. APPEALS AND ERRORS—*objections to evidence not sustained where all the evidence is not preserved.* Objections to the admission of ordinances for other improvements at a confirmation proceeding will not be sustained on appeal where the record does not purport to contain all the evidence and the abstract contains no evidence except the ordinances complained of, although the trial of the case before the jury occupied two weeks.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

CRAFTS & STEVENS, CHARLES S. THORNTON, Corporation Counsel, A. F. TEEFY, K. K. KNAPP, and MARK BREEDEN, Jr., for appellants:

The ordinance is void, for the reason that it creates a drainage district according to the provisions of the act of June 22, 1885, and provides for the collection of the special assessment for the payment of the improvement in five annual installments. *Hyde Park* v. *Spencer,* 118 Ill. 446; *Drainage Comrs.* v. *Kelsey,* 120 id. 482; *Elmore* v. *Drainage Comrs.* 32 Ill. App. 122; *Title Guarantee Co.* v. *Chicago,* 162 Ill. 505; *Charleston* v. *Cadle,* 166 id. 487; *Charleston* v. *Johnston,* 170 id. 336; *Huston* v. *Clark,* 112 id. 344; *McChesney* v. *Hyde Park,* 151 id. 634; *People* v. *Drainage Comrs.* 143 id. 417; *Kilgour* v. *Drainage Comrs.* 111 id. 342; *Owners of Lands* v. *People,* 113 id. 296; *Pearce* v. *Hyde Park,* 126 id. 287; *Rich* v. *Chicago,* 152 id. 18; *Updike* v. *Wright,* 81 id. 49; *Blake* v. *People,* 109 id. 504.

The ordinance is void because it attempts to grant away the police power of the town of Cicero. Cooley's Const. Lim. (6th ed.) pp. 252, 253, 255, 340, notes; *LaSalle* v. *Zinc Co.* 16 Ill. App. 69; *Railroad Co.* v. *McClelland,* 25 Ill.

123; *Presbyterian Church* v. *Mayor*, 5 Cow. 538; *Railway Co.* v. *Jacksonville*, 67 Ill. 37; *Chicago* v. *Wright*, 69 id. 328; *Chicago Packing Co.* v. *Chicago*, 88 id. 221; *Trustees* v. *Jacksonville*, 61 Ill. App. 199; *Stevenson* v. *School Directors*, 87 Ill. 255; *Milliken* v. *County of Edgar*, 142 id. 528; *Davis* v. *School Directors*, 92 id. 294; *Hutchinson* v. *Board of Health*, 39 N. J. Eq. 569; *East St. Louis* v. *Gas Light Co.* 98 Ill. 440; 1 Dillon on Mun. Corp. p. 398, note; *Goszler* v. *Georgetown*, 6 Wheat. 597; *Coats* v. *Mayor*, 7 Cow. 585; *Branson* v. *Philadelphia*, 47 Pa. St. 329; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420; *Fertilizing Co.* v. *Hyde Park*, 97 U, S. 666.

The court erred in permitting the petitioner to introduce in evidence ordinances for the construction of lateral sewers not provided for by the ordinance in the case at bar. *Hutt* v. *Chicago*, 132 Ill. 352; *Edwards* v. *Chicago*, 140 id. 440; *Title and Trust Co.* v. *Chicago*, 162 id. 505; *Holden* v. *Chicago*, 169 id. 109.

F. W. PRINGLE, and CHARLES S. CUTTING, for appellee:

The town of Cicero claims no right to the benefit of the drainage district act of 1885, which applies, in express terms, to cities and villages, and not to incorporated towns. 1 Starr & Curtis' Stat. (2d ed.) 860.

The town of Cicero has power, under the provisions of its charter and article 9 of the City and Village act, which it adopted, to provide for a main drain and sewer and to say what territory may make use of it for outfall purposes. 3 Private Laws of 1869, p. 666; *Drexel* v. *Lake*, 127 Ill. 54; *McChesney* v. *Hyde Park*, 151 id. 634.

Municipalities with no greater powers than control of their streets have power to build sewers and regulate their use. *Fisher* v. *Harrisburg*, 2 Grant's Cas. 291.

The power to make sewers will carry the incidental power to determine their size and the territory they shall serve. *Huston* v. *Clark*, 112 Ill. 349; *Caldwell* v. *Alton*, 33 id. 417; *St. Louis Bridge Co* v. *People*, 125 id. 226; *Law* v. *People*, 87 id. 408; *Murphy* v. *Peoria*, 119 Ill. 510; *Hitchcock* v. *Galves-*

*ton,* 96 U. S. 349; *Fisher* v. *Harrisburg,* 2 Grant's Cas. 291; *Raleigh* v. *Peace,* 110 N. C. 33; *Wright* v. *Boston,* 9 Cush. 236.

The town of Cicero has authority to grant to parties assessed the right to use the improvement, and such grant does not interfere with the police power of the municipality. *Trustees* v. *Jacksonville,* 61 Ill. App. 199; *East St. Louis* v. *Gas Light Co.* 98 Ill. 440; *Carondelet Canal Co.* v. *New Orleans,* 38 La. Ann. 308.

A bill of exceptions should show that it contains all the evidence heard by the court. *Auburn* v. *Goodwin,* 128 Ill. 65; *Railway Co.* v. *Aldrich,* 134 id. 14; *Railway Co.* v. *Cope,* 36 Ill. App. 97.

Rulings are presumed correct when the bill of exceptions does not show all the evidence. *Goodwillie* v. *Lake View,* 137 Ill. 67; *Garrity* v. *Hamburger Co.* 35 Ill. App. 316.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment on the lands of appellants. The town of Cicero, a town incorporated under an act of the legislature, approved March 25, 1869, on June 29, 1897, passed an ordinance for the construction of a brick sewer, to be known as the "Oak Park avenue outfall sewer," in the town of Cicero, and establishing a sewerage and drainage district therefor. The ordinance provided that the cost of the proposed improvement should be paid by special assessment upon the property benefited to the amount that might be legally assessed therefor, and that the balance should be paid by general taxation, according to article 9 of the City and Village act, which article had been theretofore adopted by the town of Cicero, and provided further that the assessment should be divided into five installments. Commissioners were appointed to estimate the cost of the improvement, their report was made and approved by the town authorities, and the town filed its petition in

court to have the cost assessed, June 30, 1897. On the same day the commissioners to spread the assessment were appointed by the court, and afterwards the assessment was confirmed, the court overruling all legal objections, and a jury finding the issues for the petitioner.

It is urged by the appellants that the ordinance was passed under the provisions of the act of June 22, 1885, vesting "the corporate authorities of cities and villages with power to construct, maintain and keep in repair drains, ditches, levees, dykes and pumping works for drainage purposes, by special assessment upon property benefited thereby;" (Laws of 1885, p. 60;) that said act conferred no power to divide an assessment into installments, as was done in this ordinance, and that it was therefore void,—citing *City of Charleston* v. *Cadle*, 166 Ill. 487, and *City of Charleston* v. *Johnston*, 170 id. 336. Appellee maintains that its ordinance has no reference to the act of 1885, and that it has full power, under its special charter and article 9, to pass such an ordinance as the one now before us.

By the second clause of section 15 of the act incorporating the town of Cicero, (3 Private Laws of 1869, p. 666,) it has the power "to cause sidewalks, cross-walks, main drains and sewers, private drains and aqueducts, to be constructed and laid, re-laid, cleansed and repaired, and to connect them, or any of them, with any drain or sewer running through any other town, on paying a reasonable compensation therefor, and to regulate the same." By section 16 the board of trustees is given the power to levy and collect special assessments for any of the aforesaid improvements. The town of Cicero has adopted article 9 of the City and Village act, and thereby has the power to *make* local improvements by special assessment.

It is strenuously urged by appellants that because the ordinance expressly creates and bounds a drainage district, therefore the ordinance must be held to have been adopted pursuant to the act of 1885. The act of

1885 does not expressly repeal or amend any other act, and there is no reason perceived why it should by implication repeal any powers granted by article 9. *West Chicago Park Comrs.* v. *Farber*, 171 Ill. 146.

But, even granting the decision in *Martin* v. *People*, 87 Ill. 524, is applicable here, and that by the term "villages" "towns" which have all the governmental characteristics of "villages" are included, still we hold there is ample power under article 9 and the special charter of appellee to *construct* the improvement contemplated in the ordinance. The ordinance nowhere provides for the maintenance or repair of the sewer, and this case is clearly distinguishable, on this ground as well as on other grounds, from the cases cited by the appellants. In the *Charleston cases, supra*, the question of the power of cities to construct sewers under article 9 was not raised, and they were decided on the ground that the ordinances therein held void were passed under the act of 1885. The ordinances in *Village of Hyde Park* v. *Spencer*, 118 Ill. 446, and *McChesney* v. *Village of Hyde Park*, 151 id. 634, included provisions for the maintenance of the sewers there ordered, and were necessarily passed under the act of 1885. There are several other cases in which the ordinances are said to have been passed under that act, but in none of them was the question here involved raised, and what is said in such cases cannot be held to establish the rule that a municipality cannot, under the general powers given to such municipalities, by ordinance construct sewers in and drain a certain portion of its territory having its limits accurately bounded and defined. In *Drexel* v. *Town of Lake*, 127 Ill. 54, the ordinance provided for constructing a sewerage system and pumping works, and one of the objections was, that the town, by its charter, had no power to erect such works and pay for the same by special assessment, and this court said that it was unnecessary to go beyond the provisions of the act incorporating the town of Lake to find the requisite

power, and, referring to the act, it is found to contain provisions identical with those quoted above from the special charter of appellee.

The power to construct a system of drains and sewers must necessarily carry with it the power to regulate the use of such drains and sewers, and such power is, in fact, conferred by section 15 above quoted, and incident to such power would be the definition of the district which should be permitted to drain into the main sewer. Such incidental power might well be necessary to determine the size and character of the sewer. As the town did not proceed under the act of 1885, the objection based on the supposed lack of power to divide the assessment into installments is untenable.

It is next contended that the ordinance is void because it attempts to grant away the police power of the town of Cicero. This objection is based on the language found in section 4 of the ordinance, to-wit: "The owners and occupants of the lots, tracts, pieces and parcels of land lying within said limits heretofore outlined, shall at all times hereafter be entitled to the use and benefit of the outfall sewer provided for by said ordinance. As is more specifically hereinbefore provided, all sewers, ditches and drains now existing in said district shall be opened into and connected with the said proposed outfall sewer. Right, permission, privilege and authority are hereby given and granted to the present and future owners and occupants of the lands lying within said above named limits to open and connect all ditches and drains, and main, sub-main, lateral and other sewers which may be hereafter constructed within the said district, into and with the said outfall sewer by means of catch-basins, junctions and other openings and connections of the said outfall sewer heretofore in this ordinance specified." We do not see where the police powers of the town are trenched upon in the foregoing provisions. The very purpose of building such an outfall sewer is to provide

177—30

an outlet for the sewage, and drainage of the territory which may be connected therewith. This paragraph nowhere purports to take away the power of the town to regulate the manner of making such connections, and would not prevent the town from abating any nuisance thereby created.

It is said by appellee that section 4, which provides for the creation of the drainage district and grants the use and benefit of the outfall sewer to the property owners with permission to connect therewith, was adopted in order to comply with what was said in *Title Guarantee and Trust Co.* v. *City of Chicago*, 162 Ill. 505, where the court said that "no assessment can be valid, based upon a prospect of a future connection with a sewer, unless a drainage district is created which will drain into it, or some provision is made which will eventually effect such connection." It was shown in that case that the sewer would lie in large part above the natural surface of the ground, and that it was so constructed that no surface drainage could get into it; that the sewer itself would operate as a dam to prevent surface drainage of the lands lying north of it; and what was there said must be construed with reference to the case before the court. No new law was laid down, as seems to be supposed.

The ordinance before us provides for openings on both sides of the outfall sewer for the purpose of making connections with lateral sewers or drains, and for the purpose of showing that the town of Cicero had in good faith provided for the carrying out of its policy as outlined in section 4, the court below permitted the introduction of several ordinances providing for the construction of the lateral branches of this sewerage system. We think this was proper for the purpose indicated. In the case above quoted from, following previous decisions of this court, we further said: "Where property cannot be benefited except in case of subsequent work for which no provision is made, it cannot be assessed for the improvement." In

the present case it seems that all the necessary require-
ments have been complied with, and that the ordinance
goes no farther than this.    It must be so construed.

It is next contended that the ordinance is not specific
enough in its description of the proposed improvement.
We have examined the ordinance in this respect and think
it is sufficient.    *Pearce* v. *Village of Hyde Park*, 126 Ill. 287;
*Parker* v. *Village of LaGrange*, 171 id. 344.

It is also insisted that the ordinance is a violation of
the letter and spirit of the act concerning local improve-
ments, which went into effect July 1, 1897, and that it
is unreasonable, oppressive and unjust.    It is apparent
from the record that this ordinance was passed to take
the place of a former one which had been previously set
aside.    The act now in force provides that the old act
(article 9) shall continue to apply to all proceedings pend-
ing in court before the new act took effect.    The petition
was filed and the commissioners appointed June 30, 1897,
and the proceedings were therefore pending under the
provisions of article 9.    We do not find the assessment
to be oppressive or unjust, when compared with the valu-
ation of the property.    None of the unreasonable features
condemned by this court in *Title Guarantee and Trust Co.*
v. *City of Chicago, supra, Village of Hyde Park* v. *Carton,* 132
Ill. 100, and *Edwards* v. *City of Chicago,* 140 id. 440, exist in
this case, and we think the ordinance a reasonable ex-
ercise of the discretion vested in the board of trustees of
the town of Cicero.

Objections are made to the admission in evidence of
ordinances providing for other improvements.    As the
record does not purport to contain all the evidence, we
must presume that this evidence was properly admitted.
The trial of the case before the jury occupied two weeks,
and none of the evidence is shown in the abstract except
the ordinances complained of.

Finding no error the judgment is affirmed.

*Judgment affirmed.*