ANDREW LINDBLAD*

*v.*

THE TOWN OF NORMAL.

*Opinion filed December 22, 1906.*

1. SPECIAL ASSESSMENTS—*when specifications and profile cannot be referred to to ascertain grade.* The specifications and profile of a paving improvement cannot be referred to for the purpose of ascertaining the grade unless the ordinance plainly makes such specifications and profile a part of the ordinance.

2. SAME—*what does not make profile a part of the specifications by reference.* A clause in a paving ordinance which provides for the retaining by the town, for one year, of a certain portion of the assessment to insure faithful performance "of all the terms of the ordinance and the specifications therefor," does not make the profile a part of the specifications by reference.

3. SAME—*what constitutes a variance between a resolution and ordinance.* A substantial variance exists between the resolution for a paving improvement and the ordinance where the former adopts the grade shown by a certain profile which shows the grade between specified points to be a curved line, whereas from the ordinance, which does not make the profile a part of the ordinance, it would appear that the grade between such points was a straight line, thus making a substantial difference in the amount of excavation.

4. SAME—*paving ordinance must sufficiently show the grade.* A paving ordinance must, either upon its face or by reference to some other ordinance, map, plat, profile or specifications, indicate the

*With this case are decided the following consolidated cases: 5073, *Fissell* v. *Town of Normal;* 5074, *Johnson* v. *Same;* 5075, *Davidson* v. *Same;* 5076, *Shanklin* v. *Same;* 5077, *Chrisman* v. *Same;* 5078, *Chrisman* v. *Same;* 5079, *Bassett* v. *Same;* and 5080, *Sealey* v. *Same.*

grade of the street to be improved, in order that an intelligent and correct estimate of the cost of the improvement may be made.

5. SAME—*when assessment should not be confirmed.* A special assessment for paving a street should not be confirmed where it appears that it will be necessary to extend certain culverts in the street and no provision for such extension has been made by ordinance, the only action taken being a resolution by the town council to have the town engineer prepare plans for their extension.

APPEAL from the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

MILES K. YOUNG, and THOMAS W. TIPTON, for appellant:

A substantial variance between the resolution adopted by the board of local improvements for the construction of the proposed improvement and the ordinance providing for the same is fatal. *Clarke* v. *Chicago,* 185 Ill. 364; *Bickerdike* v. *Chicago,* 203 id. 639; *Wetmore* v. *Chicago,* 206 id. 372.

If the ordinance does not contain the specification or description of the nature, character and locality of the improvement, either within its four corners or by reference to maps, plats, plans, profiles or specifications on file in the office designated by the statute, the court will have no authority to confirm the assessment. *Brewster* v. *Peru,* 180 Ill. 127; *Alton* v. *Middleton's Heirs,* 158 id. 451.

The grade of a street cannot be left to the discretion of an engineer. *DeWitt County* v. *Clinton,* 194 Ill. 523.

Where the ordinance establishes the grade of a street only at the intersecting points and not at the intermediate points between the intersections, the construction to be placed upon the language of the ordinance is, that the grades at the intermediate points will be a line drawn from the grade fixed at one intersection to that fixed at another intersection. *Insurance Co.* v. *Chicago,* 217 Ill. 355.

While it is not necessary to set out in the ordinance the details of the grade as shown by the profile presented to the

board of local improvements January 5, 1906, and adopted by them, yet in order to locate and witness that grade a reference in the ordinance to such profile is necessary. *Insurance Co.* v. *Chicago,* 217 Ill. 355; *Carlinville* v. *McClure,* 156 id. 492.

Unless the grade of a street is accurately located no intelligent and correct estimate of the cost of the improvement can be made. *Railroad Co.* v. *Chicago,* 174 Ill. 444.

ROBERT L. FLEMING, (HARVEY HART, of counsel,) for appellee:

The first resolution need not describe the proposed improvement in detail. If taken in connection with the estimate of the cost, both being of record, the owner is advised of the general character and estimated cost of the improvement, the purposes of the statute being fulfilled and nothing more required. *Lanphere* v. *Chicago,* 212 Ill. 443; *Walker* v. *Chicago,* 202 id. 531.

The question of variance can be raised only by objection for variance. *Mead* v. *Chicago,* 186 Ill. 55.

There was no objection for variance except as to the resolution from ordinance. There was no objection for variance between profile and ordinance, nor between the estimate and the ordinance, nor between the recommendation and the ordinance, nor any other matters, and such variance cannot be considered.

There is no substantial variance between the resolution and the ordinance, for it is not required that the resolution shall prescribe the description of the improvement. *Gage* v. *Chicago,* 207 Ill. 60.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a consolidated case, consisting of nine appeals from the judgment of confirmation entered August 4, 1906, in the county court of McLean county, being docket Nos. 5072, 5073, 5074, 5075, 5076, 5077, 5078, 5079 and 5080

in this court. Appellants in these nine cases asked to be allowed to appeal jointly, but this motion was denied. Each then appealed separately. The records in all these cases as to the questions raised on this hearing are identical. The cases were consolidated, on motion, in this court.

The ordinance provides for the curbing with cement curb and gutter, and paving with brick paving block upon a concrete foundation, Fell avenue, in the town of Normal, from the south line of Locust street southward to the corporate line. The total cost of the improvement was estimated at $39,281, substantially all to be paid by special assessment against the property owners. The amount of the assessments objected for in this consolidated case amounts to $4784.59. The length of the improvement is 6159 feet, and intersects seventeen cross-streets besides the streets at each end.

It is contended that there is a substantial variation as to the grade of the pavement between the resolution of the board of local improvements and the ordinance. That board adopted the following resolution: "This board having fully considered the matter of grade on South Fell avenue from the south line of the Chicago and Alton Railway Company's right of way to a point approximately three hundred feet south of the south line of Third street, hereby resolve to adopt the grade as shown by the profile presented this fifth day of January, 1906." The profile referred to in this resolution was introduced in evidence, and shows that the grade provided for between the points mentioned is a curve, and not a straight line. The only mention in the ordinance bearing on the question of grade is the following: "The top edge of the curb shall conform to the established grade of said Fell avenue between said points, which grade is hereby established as follows, to-wit: The intersection of Fell avenue and the south line of Locust street 77.4 above datum; the intersection of Fell avenue and Cherry street 85.2 above datum," and so on, giving the grade of the intersection at each of the intersecting streets and the corporation line at

the south end. The ordinance further provides that the heights of the grade just referred to "shall be measured in feet from the datum plane established by the town council of the town of Normal." There is no reference in any way in the ordinance to the profile. This is admitted by appellee, but it is contended that certain language in section 8 of the ordinance refers to the profile when it provides that "for the faithful performance of all the terms of this ordinance, and the specifications therefor, and for insuring said town and the property owners whose property shall be assessed for said improvement," the said town shall retain an amount equal to five per cent of the total cost of the assessment as a guaranty that the improvement shall be free from all defects and continue in good condition for one year from its completion. It is asserted that these quoted words make the profile in question a part of the specifications by reference. But the specifications nowhere appear in the record. Even if they did and the profile was a part of them, we think the words just quoted from the ordinance are entirely too general to make the specifications or the profile a part of the ordinance.

J. G. Melluish, who was acting as engineer for the town of Normal at the time the preliminary work for this improvement was being done and who made the estimate, testified that in making the estimate he considered the grade between First and Third streets as shown on the profile introduced in evidence. Three other engineers testified that if they were to judge only from the ordinance they would understand that it meant that the grade of the pavement between the intersection of First and the intersection of Third street would be on a straight line. Melluish admitted this point with great reluctance. He insisted that a straight line was not the shortest distance between two points. He also insisted that under this ordinance the contractor in bidding on and the engineer in overseeing the construction of the work would find the grade by referring not only to the ordi-

nance but to the specifications, including the profile. This can only be done when the ordinance plainly makes the specifications or profile a part of said ordinance. According to the estimate of these engineers the number of cubic yards of excavation on Fell avenue between First and Third streets, on the basis of a straight line, would be between 2500 and 3000; if the profile was followed the excavation would be approximately only one-third as much. The ordinance provides that the grade at the intersection of Fell avenue and Third street shall be 84.2 above datum and at the intersection of Fell avenue and First street 73.6 above datum. It appears from the record that the Chicago and Alton right of way, referred to in the resolution of January 5, 1906, crosses Fell avenue between First and Third streets. The estimate as to the cost of the excavation is twenty cents a yard, and the difference in the cost of the excavation between these two streets if the profile be taken for the grade instead of on a straight line would be, approximately, $375. The engineer testified that the excavation that he had estimated between Glenn avenue and Sill street would be entirely different from what it would be if the grade of the pavement as constructed between these two streets were on a straight line. The ordinance provides that the grade at the intersection of Glenn avenue shall be 72.2 above datum and at Sill street 79.0 above datum. He also stated that if the grade of the street be on a straight line between Burleigh street and the corporation line there would be more filling required than he had estimated. The ordinance provides that the grade at the intersection of Burleigh street shall be 78.0 above datum and at the corporation line 57.9 above datum. The grade of the intersection of the various streets on the line of the improvement varied all the way from 57.9 feet above datum to 89.6 feet above datum,— a difference of nearly 32 feet. The greatest variation in one block is 16.6 feet between the intersection of Beaufort and Third streets. This court has held, under similar language in an ordinance fixing the grade of the street at intersections,

"that the grades at the intermediate points will be a line drawn from the grade fixed at one intersection to the grade fixed at another intersection." (*Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 Ill. 352.) This plainly means that the grade is to be fixed on a line which is the shortest distance between the two points.

The ordinance is the basis of all contracts for the construction of an improvement. It must give such a description of the improvement that an intelligent and correct estimate of its cost can be made, and in order to do this the ordinance must, either upon its face or by reference to some other ordinance, map, plat, profile or specifications, indicate the grade of the street which it proposes to improve. (*City of Alton* v. *Middleton's Heirs,* 158 Ill. 442; *Brewster* v. *City of Peru,* 180 id. 124; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 id. 439; *County of DeWitt* v. *City of Clinton,* 194 id. 521.) All the details of the improvement need not be set out in the resolution of the local board of improvements, (*Lanphere* v. *City of Chicago,* 212 Ill. 440; *McLennan* v. *City of Chicago,* 218 id. 62;) but the details as set out in the resolution must be in harmony with the provisions of the ordinance. If there be a willful or substantial variance the ordinance cannot be upheld. (*Smith* v. *City of Chicago,* 214 Ill. 155; *Wetmore* v. *City of Chicago,* 206 id. 367.) Manifestly, from this record there is a willful and substantial variance as to the grade of the improvement between First and Third streets in the ordinance from the grade as fixed by the original resolution of the board, and, if the town engineer's testimony as to his estimate be authority, at other points as well.

Two culverts cross the line of the improvement,—one between South street and Ames street, twenty-eight feet in length. The width of the pavement provided for at this point is thirty feet. The other culvert crosses at Water street, and is seventeen feet four inches in length. The pavement at that point is to be twenty-seven feet in width. It is appar-

ent from the evidence introduced that in order to construct the improvement over these culverts it would be necessary to lengthen one at least two feet and the other a much greater distance. There is no provision in the ordinance touching in any way the extension of these culverts. The town engineer testified that in January, 1906, the matter of the extension of these two culverts had been brought before the town council by him and the council had instructed him to prepare plans necessary for these extensions. Nothing has been done further by the council. Such work must be provided for by a regular ordinance adopted by the council. It cannot be by resolution or instruction. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago, supra.*) It would be unreasonable, on the record presented, to allow this assessment to be confirmed until legal provisions had been made for extending these culverts. (*Hutt* v. *City of Chicago,* 132 Ill. 352; *Title and Trust Co.* v. *City of Chicago,* 162 id. 505.) Judging from the ordinance and the record of the local board of improvements alone, it might be presumed that all the changes necessary to be made on Fell avenue for the construction of this improvement would be made by this special assessment. The town engineer testified that it was the intention to have this work done by general taxation.

Appellants insist that the court should have allowed a joint appeal. Such matters rest largely within the sound discretion of the trial court. On the face of the record we see no reason why in this instance the joint appeal should not have been allowed. As the cases are to be reversed and remanded we make no ruling on this point.

Many other questions have been raised, but it is unnecessary to pass upon them.

For the errors indicated the judgments of the county court will be reversed and the causes remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*