THE CITY OF DECATUR, Appellee, *vs.* A. B. BARTEAU *et al.* Appellants.

*Opinion filed December 17, 1913.*

1. SPECIAL ASSESSMENTS—*the meaning of "appearance day," as used in section 37 of Local Improvement act.* The words "appearance day," as used in section 37 of the Local Improvement act, authorizing the court to dismiss the petition for confirmation upon motion of any objector on or before appearance day, calling attention to the fact that no copy of the ordinance is attached to the petition, mean the day provided for in the notices, under the statute, for a hearing on the confirmation of the assessment.

2. SAME—*when defect in copy of ordinance attached to petition does not require dismissal.* A defect in the copy of the ordinance attached to the petition for confirmation which does not in any way mislead the objectors or affect the substantial merits of the case is not ground for dismissing the petition upon motion of an objector, under section 37 of the Local Improvement act, in case the defect is removed by amendment.

3. SAME—*when a mistake in stating length of pavement is not material.* A mistake in one place in the ordinance in stating the length of the proposed pavement is not fatal to the proceeding, where the whole ordinance, (which fixes the termini of the improvement by reference to fixed monuments,) considered in connection with the plans and profiles, clearly shows the extent and locality of the pavement.

4. SAME—*an ordinance certified by city clerk under corporate seal is proved.* Under the statute an ordinance certified by the city clerk under the corporate seal is admissible in evidence as against a mere general objection that it was not legally passed. (*Schott v. People,* 89 Ill. 195, explained.)

5. SAME—*when an ordinance concerning the right of way of a street railway is admissible.* Where a paving ordinance excepts

a double-track right of way of a street railway from the improvement, it is competent to introduce, in support of the assessment proceeding, an ordinance amending the original franchise ordinance and permitting the company to lay a double track in place of the single track originally authorized, notwithstanding the amendatory ordinance did not become effective, by publication, until a week after the petition for confirmation was filed.

6. SAME—*when reasonableness of an ordinance cannot be attacked.* Where an ordinance amending the original franchise ordinance of a street railway company by permitting it to lay a double track is introduced in evidence in a special assessment proceeding to show how the space in the middle of the street, which was excepted from the terms of the paving ordinance, was to be improved, the reasonableness of the amendatory ordinance cannot be attacked by showing that a single track, with turn-outs, would have been sufficient to meet the demands of the public.

7. SAME—*an estimate is not required to be absolutely accurate.* The fact that the engineer's estimate may be too high as a result of not giving sufficient value to old material removed in laying the new pavement, upon which point the evidence is conflicting, is not ground for defeating the assessment, as the Local Improvement act provides for a ratable reduction in case the actual cost of the improvement is less than the estimated cost.

8. SAME—*when objection that ordinance does not describe the kind of creosote blocks is properly overruled.* An objection that a paving ordinance is invalid because it describes the creosote blocks as "either yellow pine or tamarack, creosoted," is properly overruled, where there is evidence that the two kinds of wood cost, when creosoted, practically the same and are of equal durability.

9. PRACTICE—*filing paper in office of clerk does not amount to making a motion.* The mere filing of a paper in the office of the clerk of the court does not amount to making a motion, but the paper must be brought to the attention of the court.

10. SAME—*when it will be presumed that sufficient evidence was heard to justify finding.* Where the bill of exceptions does not purport to contain all the evidence heard in the case, it will be presumed, on appeal, that the trial court heard sufficient evidence to justify its findings.

11. SAME—*it is not the duty of Supreme Court to search ordinance for defects not pointed out.* The mere general suggestion that an improvement ordinance does not sufficiently describe the drain sewers, man-holes and catch-basins, without any specific defect in description being pointed out, does not require the Supreme Court to search the ordinance to discover defects in description.

APPEAL from the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding.

W. NAY BOGGESS, for appellants.

JAMES S. BALDWIN, Corporation Counsel, (WILLIAM J. CAREY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment entered in the county court of Macon county in a special tax proceeding instituted by the city of Decatur for the purpose of paving with creosoted wooden blocks a portion of West Main street, in said city. A motion was made to dismiss the petition, and upon that being denied legal objections were filed by appellants, which, after a hearing, were overruled. Appellants then waived further controversy on the record and this appeal was taken.

The city of Decatur on May 6, 1913, filed the petition herein in said court, based on an improvement ordinance passed by the city council the previous day. The improvement proposed was the paving of West Main street from the west line of Lincoln square westwardly to the end of the then existing brick pavement, excepting the right of way of the Decatur Railway and Light Company, at an estimated cost of $33,980.42. The assessments for which appellants objected amounted to $1370.87. May 27, 1913, was fixed by the publication notices for confirmation. On that day a rule was entered to file objections by May 29. On this last named date a motion was made to dismiss the petition for the reason that a correct copy of the ordinance was not attached to the petition. It was based on section 37 of the Local Improvement act, which provides that a copy of the ordinance shall be attached to the petition but that the failure to file it shall not affect the jurisdiction of the court to act upon the petition, but "if it shall appear in

any such cause that such copies have not been attached to or filed with said petition before the filing of the assessment roll therein, then, upon motion of any objector for that purpose on or before appearance day in said cause the entire petition and proceedings shall be dismissed." The ordinance under which this improvement was made referred to certain plans on file in the office of the city clerk, "a copy of which are attached hereto and made a part" hereof. While it is not clear from the abstract of record just how the copy of the ordinance attached to the petition was defective, it is stated in the briefs that certain of these maps and plans were not attached to the copy of the ordinance at the time the petition was filed. "Appearance day," as used in section 37, means the day provided for in the notices, under the statute, for a hearing on the confirmation of the assessment, being for this assessment May 27. This motion was not made until two days later and not called to the attention of the court until June 2. The filing of the paper in the office of the clerk is not a "motion," in the sense in which this term is used. It must be brought to the attention of the court. (*City of Marengo* v. *Eichler,* 245 Ill. 47.) Waiving, however, for the purposes of this case, the question as to whether the motion was made in proper time, we think the court ruled correctly in allowing the corrected copy of the ordinance to be filed and overruling the motion of appellants to dismiss the petition because the original copy was not correct.

It is insisted by appellants that the original copy did not furnish certain data as to grades and measurements of the improvement. It is clear from the record that the corrected copy of the ordinance did not require any change in the assessment roll or in the character of the improvement. This provision of section 37 of the statute must receive a reasonable construction. It is stated therein that the failure to file the copy of the ordinance will not affect the jurisdiction of the court. If there is a defect in the copy

of the ordinance which does not in any way mislead the objectors or affect the substantial merits of the case there is no error in allowing an amendment. This court has so held in *Galt* v. *City of Chicago,* 174 Ill. 605. See, also, as bearing on this question, *Houston* v. *City of Chicago,* 191 Ill. 559, and *City of Marengo* v. *Eichler, supra.*

Appellants further contend that the ordinance does not definitely describe the length of the improvement; that the descriptions as to such length are contradictory, and therefore misleading, in that in one place the approximate total length is given as 1037 lineal feet, while the plans and profiles and other parts of the ordinance show it to be over 3300 feet. Reading the whole ordinance in connection with the plans and profiles it is clear that said figures 1037 are incorrect, but the length of the improvement is definite and clear without reference to those figures. The termini of the improvement are definitely given in the ordinance with reference to fixed monuments. This court has held that physical monuments and the physical situation of the surrounding territory may aid and supplement the ordinance in fixing the locality as well as the size of the improvement. (*People* v. *Willison,* 237 Ill. 584, and cases cited.) In descriptions of property, distances are controlled by fixed monuments. The court did not err in overruling this objection.

Appellants insist that the ordinance is invalid because of its provisions with reference to the paving of the railway company's right of way. They introduced an ordinance passed in 1901 which authorized the laying of a single track in said West Main street along the line of this improvement. That ordinance required the paving by the street railway company of its right of way. This local improvement ordinance excepted from the portion required to be paved by the property owners approximately a space seventeen feet in width to be occupied and improved by the railway company. The city introduced an ordinance

passed and approved April 17, 1913, and published May 14, 1913, which provided that the provisions of the original franchise be amended so as to permit a double-track street railway along the line of such improvement. At the time this last ordinance was introduced appellants objected on the ground that 'it was not legally passed, without pointing out in any way wherein the illegality lay. The ordinance was duly certified by the city clerk under the corporate seal. Section 4 of article 5 of the Cities and Villages act provides that "all ordinances, and the date of publication thereof, may be proven by the certificate of the clerk, under the seal of the corporation." (Hurd's Stat. 1911, p. 269.) Counsel for appellants insists that notwithstanding this provision, under the decision of this court in *Schott v. People,* 89 Ill. 195, that statute cannot control when objections are made. That case had reference to the proof of an ordinance under a special charter, but the opinion stated specifically (p. 198): "It is, doubtless, competent for the legislature to enact that the simple production of the ordinance, or of a copy thereof, shall be *prima facie* evidence that every step has been taken with reference to it essential to make it a valid ordinance; and this is the effect of section 65 of the general act in relation to the incorporation of cities, towns and villages." Said section 65 there referred to was, in substance, the same as the one just quoted. After referring to that holding in *Schott v. People, supra,* this court, in *Terre Haute and Indianapolis Railroad Co. v. Voelker,* 129 Ill. 540, held that under this statute copies of an ordinance certified to by the city clerk and authenticated by the corporate seal were properly admitted in evidence.

Appellants further object, in this connection, that the ordinance authorizing the laying of the double-track street railway was not in force until after its publication on May 14, 1913, and that the ordinance and petition in this proceeding were filed more than a week before that date; that

therefore the amendatory franchise ordinance could not affect the improvement provided for in said local improvement ordinance. This court has held otherwise. In *Gray* v. *Town of Cicero,* 177 Ill. 459, it was held proper to allow to be introduced in evidence, on the hearing of a local improvement ordinance for a sewer, certain other ordinances providing for the construction of lateral branches of this sewer system. In *Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384, in a hearing on a local improvement ordinance for a special assessment to improve a boulevard in Chicago, wherein it was shown that the ordinance did not provide for connecting the water mains which were to be laid to the lawn hydrants with other water mains or with a water supply and did not provide for connecting the electric cables with any other cable or source of electric current, it was held to be proper to show by an engineer, and by an ordinance which was passed during the hearing of that case, that these connections were to be made, so that the property owner would derive the benefits which would accrue from the use of such water supply and electric current. This conclusion is clearly upheld by the reasoning of this court in other cases. See *Lindblad* v. *Town of Normal,* 224 Ill. 362, and cases cited, and *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 id. 505.

The further argument is made that the estimate of the engineer as to this improvement was made in March, 1913, and it is insisted that it necessarily did not take into account the fact that a double-track street railway was to be laid in this street, the paving of which was to be excepted by the ordinance. Nothing is shown in the estimate or ordinance which sustains this argument. There is no proof found in the record showing that there is any such difference between the estimate and the ordinance. Furthermore, the bill of exceptions does not purport to contain all the evidence heard in the case. Under such circumstances

it will be presumed that sufficient .evidence was heard to justify the finding of the court. (*Delamater* v. *City of Chicago,* 158 Ill. 575.) The ordinance was not invalid because of the objections urged as to its provisions with reference to excepting the right of way for a double-track street railway.

Appellants further insist that the trial court erred in refusing to permit them to prove that a single track on this street, with its passing tracks, was amply sufficient to meet the demands of the public, and that therefore the amendatory ordinance allowing the laying of a double track was unnecessary and unreasonable. The unreasonableness of that ordinance cannot be shown in this collateral proceeding. The proof was properly excluded.

Appellants further contend that the court erred in its rulings as to the estimate of the cost of the improvement being too large. They introduced evidence tending to show that the material in the pavement, which would have to be removed before putting down the new pavement, was worth, according to that testimony, from $1000 to $3000, and claim that the estimate should have been proportionately reduced. The testimony of appellants' witnesses on this point did not agree as to the value of the old material. The city called witnesses who testified that the estimate in that regard was reasonable, some of them stating that the old material in the present brick pavement would be a dead loss. On this state of the record we do not think the court erred in its rulings on the question here involved. The actual cost of an improvement cannot be estimated with absolute accuracy before the completion of the work. The best possible estimate will usually prove too high or too low. The Local Improvement act provides for a supplemental assessment if the estimate proves too low, and for a reduction, ratably, if the estimate proves too high. *City of Nokomis* v. *Zepp,* 246 Ill. 159, and cases cited.

Appellants further object that the ordinance is fatally defective in not specifying the character of the creosote blocks to be used for the wearing surface of the paving. The ordinance provides that such wearing surface shall consist of either yellow pine or tamarack timber, creosoted. Certain evidence was introduced by appellants to the effect that the cost of yellow pine varied materially from that of tamarack. These witnesses were in no way familiar with the creosoting processes or the cost of paving blocks thus treated. The testimony of the city was to the effect that the two kinds of wood, when creosoted and used for paving purposes, cost practically the same and were of equal durability. On this record we think the court rightly ruled as to this objection.

The further objection of appellants that the estimate of the engineer is not sufficiently itemized is without force under the rulings of this court in *Hulbert* v. *City of Chicago,* 213 Ill. 452, *Village of Oak Park* v. *Galt,* 231 id. 482, and *Village of Donovan* v. *Donovan,* 236 id. 636.

Appellants further state in their briefs that the drain sewers connected with this improvement, the man-holes and catch-basins, and the crown of the finished pavement, were none of them sufficiently described in the ordinance. On none of these items do they attempt to point out wherein the description of the improvement is defective. It does not rest upon this court on the mere suggestion that there is error, when no specific defect in the description is pointed out, to search out and decide whether such defects exist in a local improvement ordinance.

We find no material error in the record. The judgment of the county court will be affirmed.

*Judgment affirmed.*