(No. 13531.—Judgment affirmed.)
THE VILLAGE OF GLENCOE, Appellee, *vs.* MELVILLE E.
STONE *et al.* Appellants.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. SPECIAL ASSESSMENTS—*ordinance for widening street must
make provision for its improvement before benefits can be assessed.*
Before benefits can be assessed in a proceeding to ascertain the
compensation to be paid for property taken or damaged by the
widening of a street provision must be made for the improvement
of the street as widened; but this may be done during the pend-
ency of the proceeding by the passage of ordinances providing for
cement sidewalks on each side of the street as widened.

2. SAME—*when no allowance can be made under section 17 of
Local Improvement act on account of prior dedication.* In a pro-
ceeding to ascertain compensation for property taken or damaged
by the widening of a street no allowance can be made, under sec-
tion 17 of the Local Improvement act, on account of a prior dedi-
cation, which was made by the owner for his own benefit and with
the object of enhancing the value of his land, which was other-
wise inaccessible.

CARTER, J., dissenting.

APPEAL from the Superior Court of Cook county; the
Hon. JOSEPH H. FITCH, Judge, presiding.

GEORGE A. MASON, (SMITH & WALLACE, and HENRY
E. MASON, of counsel,) for appellants.

GEORGE I. HICKS, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

The appellee, the village of Glencoe, filed its petition in
the superior court of Cook county to ascertain the compen-
sation to be paid for property to be taken or damaged by
the widening and altering of Sheridan road from the north
village boundary line south to a line at right angles with
the center line of Sheridan road and to levy a special as-

296—12

sessment upon property benefited thereby. Two tracts of land, designated as parcel 1 and parcel 2, owned by appellant Melville E. Stone, and necessary for the purpose of the improvement, were described in the petition. He objected that the ordinance was void because no provision had been made for the improvement of the street as widened; that the ordinance was unreasonable, oppressive and void, and that the commissioners had not allowed him any credit as against benefits for land previously donated to the village as a part of Sheridan road.

The ordinance under which the petition was filed did not provide for the improvement of the street as widened and no benefits could be assessed unless some such provision were made. (*Lindblad* v. *Town of Normal,* 224 Ill. 362; *City of Waukegan* v. *Burnett,* 234 id. 460; *City of Chicago* v. *Kemp,* 240 id. 56.) During the pendency of the proceeding the village passed two sidewalk ordinances, providing for cement sidewalks five feet in width on each side of the road as widened, which obviated the objection of a want of such provision, if. the ordinances were valid. The court thereupon overruled the legal objections and considered the questions of just compensation and benefits.

The ordinance was alleged to be unreasonable, oppressive and void, but there was no reasonable foundation for such an objection. The proposed use of the land taken for widening the street was a public use, and the question of the necessity for taking the land and making the improvement was within the discretion and jurisdiction of the village, limited only by the right of the court to prevent an abuse of the power. The existing roadway was only 50 feet wide and near a bridge over a ravine was but 22 feet wide. There were many residences along the road as well as a large country club reached by it. It was conceded that the travel along the road was very great, and it was admitted by counsel for the appellants that the existing situation was intolerable. The roadway was at no place

more than 24 feet wide and the public was obliged to walk in the roadway. There is no apparent ground for saying that the sidewalk ordinances were not passed in good faith, and neither the fact that the sidewalks would be so laid as not to destroy ornamental trees, that no provision was made for a walk on either side of the bridge over the ravine nor within 30 feet of it, nor any other matter pointed out, was sufficient to show bad faith.

Section 17 of the Local Improvement act provides that in case of widening any street which may have been donated either in whole or in part to the public by the proprietors of the adjoining land, the commissioners may, in their discretion, make an allowance for the value of the land previously donated as shall seem equitable and just. The original report was silent on that subject, but the court allowed the report to be withdrawn, and the commissioners amended it by stating that they had considered the question and that no allowance should be made on account of the prior dedication. The facts on which their conclusion rested are as follows: In 1890 the appellant Stone bought a tract of timber land containing over thirty-two acres and paid for it $800 per acre. The land was practically inaccessible, and in 1892 he opened a road 50 feet wide from the north village limits through the land south to the edge of a ravine, and near the ravine it was narrowed to 22 feet. The owner of adjoining property south made a dedication of the road south from the ravine of a width of 66 feet, and they installed a bridge over the ravine 165 feet long and 22 feet wide. Stone macadamized 24 feet in width in the strip which he dedicated, and the dedication was made for his own benefit through his own land with the object of enhancing its value and with that effect, and the land is now worth $10,000 per acre. Neither justice nor equity called for any allowance to him as against the special benefit, which would be derived from making the road 66 feet wide and fitting it for public use.

Parcel 1 contained .29 of an acre and parcel 2 .01 of an acre. The commissioners' report as originally filed allowed $1946 for parcel 1 and the court increased that award to $2961, or at the rate of about $10,000 an acre. The commissioners allowed $39 for parcel 2, and this amount was not changed by the court. The report and assessment roll were re-cast and the increase for parcel 1 was added to the public benefits and charged to the village. No complaint is made of the judgment in respect to compensation.

The commissioners assessed back against the land out of which the parcels would be taken the sum of $852 for special benefits, and this amount the court refused to disturb. It was quite reasonable and fully justified by the evidence.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.