ELIOT C. CLARKE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1900.*

1. PUBLIC IMPROVEMENTS—*sections 7 and 8 of Improvement act of 1897 construed.* Under sections 7 and 8 of the Improvement act of 1897 (Laws of 1897, pp. 104, 105,) at least ten days must elapse between the adoption of the resolution by the board of improvements and the submission of the ordinance to the council, since the ordinance cannot be submitted until after the public hearing, which must not be less than ten days after the adoption of the resolution.

2. SAME—*provisions as to contents of board's resolution and lapse of time are mandatory.* The provisions of section 7 of the Improvement act of 1897, requiring the resolution of the improvement board to fix a time for public hearing and to contain the engineer's estimate of cost, and also the provisions concerning the lapse of time between the adoption of the resolution and the submission of the ordinance, are mandatory and jurisdictional.

3. SPECIAL ASSESSMENTS—*when special assessment ordinance is void.* A special assessment ordinance passed under section 7 of the Improvement act of 1897 is void, where no public hearing was had and no provisions are contained in the resolution of the improvement board fixing a time for a public hearing or setting out the engineer's estimate of cost.

4. SAME—*when court is without jurisdiction to entertain assessment pro-ceeding.* Where it is shown that no public hearing was held and that the resolution contained no estimate of cost by the engineer the void character of the ordinance is established and the court is with-.out jurisdiction to entertain the proceeding, notwithstanding the attorney for the city moves to reduce the assessment roll to con-form to the estimate contained in a former resolution for the same improvement, upon which a public hearing was had, an ordinance passed and assessment proceedings instituted, but which were aban-doned because the estimate was deemed too low.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from a judgment of the county court, rendered on October 12, 1899, confirming a special assess-ment levied for the purpose of curbing, grading, and pav-ing Clybourn avenue from the north curb line of Division street to the north line of North avenue in the city of Chicago.

On December 27, 1898, there was a regular meeting of the board of local improvements in the city of Chicago, at which a resolution was adopted for the making of the local improvement above referred to. The resolution thus adopted on December 27, 1898, gave, in the body of it, the estimate of the cost of the improvement, made by the city engineer, as being $25,500.00, and provided that Wednes-day, January 18, 1899, at three o'clock P. M., at room 400, in the city hall, should be fixed as the time and place for public consideration of said resolution. There was a regular meeting of the board on January 18, 1899, at the place aforesaid, and a public hearing was then and there had upon the proposed improvement in accordance with the notices posted and mailed for the same. On February 9, 1899, there was an adjourned meeting of said board, at which, on recommendation of the superintendent of streets, a resolution was adopted that said local improve-ment be made and adhered to pursuant to prior resolu-tions theretofore passed by the board.

On March 6, 1899, an ordinance was passed by the city council providing for said improvement, and that the cost of the same should be raised by special assessment. On April 8, 1899, a petition was filed in the county court of Cook county, asking for the levying of a special assessment for said improvement, to which petition was attached a certified copy of said ordinance of March 6, 1899; and attached to said petition and ordinance were the recommendation of the board of local improvements that the improvement be made, and the estimate of the city engineer and engineer of the board, estimating the cost of the improvement at $25,500.00, which estimate was itemized. Section 2 of the ordinance of March 6, 1899, approved the recommendation of the board of local improvements and the estimate of the cost of the improvement so made by the engineer of said board. On the same day, April 8, 1899, the court entered an order that one John A. May be directed to make an assessment of the cost of the improvement upon the city and the property specially benefited by the improvement; and, also, on the same day made an order that the *Chicago Democrat* be designated as the newspaper for the publication of the special assessment notice.

The petition, so filed on April 8, 1899, with the ordinance of March 8, 1899, and the recommendation of the board of local improvements, and the estimate of the cost of the improvement at $25,500.00 thereto attached, remained pending and undisposed of until September 12, 1899. On the latter day, to-wit, September 12, 1899, the court made an order, that all judgments of confirmation theretofore entered in said proceeding shall be vacated and set aside, and the assessment roll withdrawn, and the petition for the assessment be dismissed.

The above facts appear from the testimony introduced in the present proceeding by the petitioner, the city of Chicago, and, also, by the present appellants, the objecting property owners.

During the period between April 8, 1899, and September 12, 1899, while the petition for a special assessment to pay the cost of the said improvement, estimated at $25,500.00, was pending, a new petition for a special assessment to pay for the same improvement, estimated at a cost of $29,500.00, was filed, which petition was the one in pursuance of which the judgment here appealed from was rendered; and the proceedings, preceding the filing of the said petition, which was filed on June 17, 1899, and following the filing of the same, were as follows:

On May 17, 1899, there was a regular meeting of the board of local improvements of the city of Chicago, at which the following resolution was adopted:

"Whereas, on the 27th day of December, 1898, a resolution was adopted by the board of local improvements providing for the improvement of Clybourn avenue from the north curb line of Division street to the north line of North avenue, which said resolution was based upon an estimate made by the city engineer; and whereas, afterwards, to-wit, a public meeting was had upon this proposed improvement in accordance with the statute; and whereas, at said public hearing it was decided by the said board to proceed with the said improvement, and a resolution was adopted accordingly; and in accordance therewith an ordinance was sent to the city council and duly passed, and a petition has been filed in the county court for the confirmation, praying that steps may be taken to confirm said assessment; and whereas, since the passage of said ordinance and the filing of such petition the prices of labor and material have so increased that in the opinion of the engineer of the board of local improvements the improvement cannot be constructed for the amount estimated; and whereas, in the opinion of the said board this improvement should be made; it is therefore

"*Resolved,* That the petition now pending in the county court providing for this improvement be dismissed, and that the city engineer and the engineer of the board of local improvements be directed to prepare a new estimate for the above improvement, and that a new ordinance be prepared and sent to the city council providing for this improvement, in accordance with the new estimate pursuant to the original resolution heretofore adopted."

On May 22, 1899, the board of local improvements submitted to the common council of the city a written recommendation for the improvement of Clybourn avenue in Chicago from the north curb line of Division street to the north curb line of North avenue, submitting therewith an ordinance for the said improvement, together with an estimate of the cost thereof, and recommending the passage of said ordinance and the making of said improvement. Attached to the latter ordinance, which was passed on May 22, 1899, was an estimate of the cost of the improvement, signed by the city engineer and engineer of the board of local improvements. The latter estimate, which was dated May 22, 1899, fixed the cost of the improvement at $29,500.00. Section 2 of the ordinance of May 22, 1899, approved of the recommendation of the board, dated May 22, 1899, and also the estimate of the cost of the improvement at $29,500.00. On June 17, 1899, the present petition was filed by the city of Chicago in the county court of Cook county, praying for the confirmation of a special assessment for the purpose of curbing, grading, and paving that portion of Clybourn avenue above mentioned, to which petition was attached a certified copy of said ordinance of May 22, 1899, together with the recommendation of the board of that date, and the itemized estimate of the cost of the improvement, fixing the cost of said improvement at $29,500.00. On June 19, 1899, the court ordered that John A. May be directed to make a true and impartial assessment, etc. On July 29, 1899, the verified assessment roll was filed. On August 10, 12 and 15, 1899, objections to the confirmation of the assessment were filed by the present appellants as to the property owned by them.

Up to this point in the proceedings for the new assessment, estimated at a cost of $29,500.00, the former proceeding for the levying of an assessment for the same improvement at a cost of $25,500.00, was still pending

said former proceeding not having been dismissed, as heretofore stated, until September 12, 1899.

On September 25, 1899, and in the present proceeding begun by the filing of the petition filed on June 17, 1899, the case at bar was heard on the legal objections made by the present appellants, which objections were taken under advisement by the court. On September 28, 1899, the objections made by the appellants were sustained by the court.

On October 6, 1899, the city made a motion to vacate the order of the court sustaining said objections, the hearing of which was continued. On October 12, 1899, the motion to set aside the order sustaining the objections was allowed, over the objection of counsel for the appellants, and exception was taken by the latter. Counsel for the city then offered in evidence upon the question of said objections a certified copy of the ordinance of May 22, 1899, together with the recommendation of the improvement and the estimate of the cost at $29,500.00 thereto attached, and also the affidavits of mailing and posting notices, the affidavit of publication, and the assessment roll, being the same affidavits theretofore offered by the city before the order, sustaining the objections, was vacated. The city then offered in evidence a portion of the former proceedings for the same improvement when its cost was estimated at $25,500.00, to-wit: the resolution and proceedings of December 27, 1898, January 18, 1899, February 9, 1899, and May 17, 1899, as the same have been hereinbefore set forth.

Then on the same day, viz.: October 12, 1899, the record shows the following motion by the counsel for the city and proceedings had thereon, to-wit: "I move that the assessment roll be reduced $4000.00. Objected to. Objection overruled. To which ruling and decision of the court the objectors by their counsel then and there duly excepted." Counsel for the objectors then intro-

duced in evidence the former petition filed on April 8, 1899, together with the ordinance of March 6, 1899, and the recommendation attached thereto, together with the estimate of the cost of the improvement at $25,500.00, and the orders entered on April 8, and September 12, 1899, as heretofore set forth.

Upon the second hearing of the objections thus had on October 12, 1899, said objections were overruled by the court, and a jury having been waived by agreement, and the objections triable by jury submitted to the court, the court thereupon found the issues for the petitioner, the city of Chicago, and entered an order confirming the assessment roll. From such judgment of confirmation the present appeal is prosecuted.

RICHARD S. FOLSOM, DAVID FALES, and SWIFT, CAMPBELL & JONES, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The objections, filed by the appellants upon the trial below to the confirmation of the assessment, attacked the validity of the ordinance lying at the basis of the assessment, because of an alleged failure to comply with certain preliminary requirements of the statute.

It is contended on the part of the appellants that, before the passage of the ordinance under which the present assessment was levied, no estimate by the city engineer for the improvement was incorporated into the records of the board of local improvements, and no public hearing was held, at which the people could discuss the cost of this improvement; and ten days had not elapsed between the time of the passage of the authorizing resolution and the submission of the ordinance to the city council.

Section 7 of the act of June 14, 1897, "concerning local improvements," provides that the board of local improvements shall have the power to originate a scheme for any local improvement to be paid for by special assessment or special tax, either with or without a petition, and that, in either case, the board shall adopt a resolution describing the proposed improvement, which resolution shall be at once transcribed into the records of the board. The resolution so adopted shall fix a day and hour for the public consideration thereof; which shall not be less than ten days after the adoption of the resolution. The board shall also cause an estimate of the cost of the improvement to be made in writing by the public engineer to be itemized to the satisfaction of the board, and this estimate is required to be made a part of the record of said resolution. Notice is required to be given by posting, or by posting and mailing, of the time and place of the hearing, and this notice is required to contain the substance of the resolution adopted, and the estimate of the cost of the improvement. Section 8 provides, that, at the time and place fixed in the notice for the public hearing, the board shall meet and hear the representation of any person desiring to be heard on the subject of the necessity of the proposed improvement, the nature thereof, or cost as estimated; and after such hearing, the board shall adopt a new resolution abandoning or modifying or adhering to the proposed scheme, as they shall consider most desirable.

It thus appears, that, in its original resolution describing the proposed improvement, the board must fix a day and hour for public consideration of said resolution, and shall also make the estimate of the cost of the improvement, as made by the public engineer, a part of the record of the resolution. Inasmuch as the day and hour fixed for the public consideration of the resolution must be not less than ten days after the adoption of the resolution, and inasmuch as the board must cause an ordinance

for the improvement to be prepared after such hearing, it follows that ten days must elapse between the time of the adoption of the resolution, authorizing the improvement, and the submission of the ordinance to the council. This must be so, because it is after the hearing, when the board adopts the new resolution adhering to the improvement, "and thereupon, if the said proposed improvement be not abandoned, said board shall cause an ordinance to be prepared therefor to be submitted to the council." These preliminary requirements as to the contents of the resolution of the board of local improvements, and as to the lapse of the time between the adoption of the resolution and the submission of the ordinance, are mandatory and jurisdictional in their character.

Statutes, delegating the power to levy taxes or assessments, must be construed strictly. This power can not be rightfully exercised by corporate bodies, unless it is authorized either in express terms or by necessary and clear implication. Authority for its exercise must be found in statutory grant or requirement. Where the statute provides a particular mode for its exercise, that mode must be pursued, and no other can be substituted for it by the officials who undertake to exercise it. (*Webster* v. *People*, 98 Ill. 343). The proceeding under the act of June 14, 1897, is a statutory proceeding, and every step provided by the proceeding prior to the passage of the ordinance must be strictly complied with, subject to such qualification, as may be contained in section 9 of the act. (*McChesney* v. *People*, 148 Ill. 221; *City of Alton* v. *Middleton's Heirs*, 158 id. 442).

A resolution was adopted by the board of local improvements on December 27, 1898, providing for the improvement of Clybourn avenue between Division street and North avenue at a cost of $25,500.00. A public hearing was held on January 18, 1899, and an improvement, estimated at a cost of $25,500.00, was considered. Thereupon, an ordinance was prepared and submitted to the common

council, providing for an improvement to cost $25,500.00, and in reference to which a hearing had been had on January 18, 1899. A petition was then filed in the county court on April 8, 1899, to pay for the improvement estimated at a cost of $25,500.00; but this proceeding, after the entry of certain preliminary orders therein, was dismissed on September 12, 1899. The hearing had on January 18, 1899, which was with reference to the improvement estimated at a cost of $25,500.00, was the only hearing which was had or of which any notice was given. The resolution of December 27, 1898, fixed upon January 18, 1899, as the time for the public consideration of the improvement estimated at a cost of $25,500.00. Ten days elapsed after the hearing of January 18, 1899, before the ordinance of March 6, 1899, providing for the improvement at a cost of $25,500.00, was submitted to the common council. Ten days, however, did not elapse between the adoption of the resolution describing the present improvement and the submission of the ordinance therefor to the common council.

The resolution providing for the present improvement, estimated at a cost of $29,500.00, is the resolution which was adopted by the board of local improvements on May 17, 1899. That resolution, as will be seen by a reference to its terms, did not fix any day or hour for the public consideration thereof; nor did it contain any estimate of the cost of the improvement, made in writing by the public engineer over his signature. On the contrary, it merely resolved that the petition then pending in the county court, and which was filed April 8, 1899, providing for this same improvement, should be dismissed, and it directed that the city engineer and the engineer of the board should prepare a new estimate for the improvement, and that a new ordinance should be prepared and sent to the city council, providing for the improvement in accordance with the new estimate and pursuant to the original resolution theretofore adopted. The new

estimate, provided for in the resolution of May 17, 1899, was made five days thereafter, to-wit: on May 22, 1899, but was not made a part of the record of any resolution. There was no resolution, in which the estimate of the cost at $29,500.00 was embodied. The new ordinance, which the resolution of May 17, 1899, directed to be prepared and submitted to the council, was prepared and submitted and passed on May 22, 1899, five days after the adoption of the resolution of May 17, 1899, and not ten days after the adoption thereof. The property owners were not allowed to be heard upon the subject of the estimate of the cost of the improvement at $29,500.00. Section 8 provides that the public hearing· shall be had, not only as to the necessity of the proposed improvement and the nature thereof, but also as to the "*cost as estimated.*" Manifestly, the estimate of the cost must be made before the hearing, and the property owners must be allowed to be heard upon the subject of that estimate. Here, an estimate of $29,500.00 was made, and the property owners were given no opportunity to be heard in reference to it. The resolution of May 17, 1899, should have fixed a day and hour for the consideration of that resolution, which should not have been less than ten days after its adoption, and that resolution also should have made the estimate of $29,500.00 a part of itself. Nothing of the sort was done. In reference to these requirements section 7 uses the word "shall," and is mandatory in character. The board was not vested with any discretionary power on the subject. The requirement, that the estimate should be made a part of the preliminary resolution was a necessary antecedent to the passage of the ordinance. The omission of the public hearing, the omission of the naming of the time for the public hearing from the resolution, the omission of any reference to an estimate of the cost of the improvement from the resolution, and the submission of the ordinance of May 22, 1899, to the city council, before ten days had elapsed between

adoption of the authorizing resolution and such submission of the ordinance, cannot be regarded otherwise than as such substantial variances as render the ordinance, upon which this proceeding is based, void. (*Ives* v. *City of Omaha*, 51 Neb. 136; *Landis* v. *Vineland*, 60 N. J. L. 264; *Gilmore* v. *Hentig*, 33 Kan. 156; *Hentig* v. *Gilmore*, id. 234).

Section 9 of the act provides that the "recommendation by said board shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity of the proceeding unless the court shall deem the same willful or substantial." An act, which is willful, is an act which is designed and intentional. The resolution of May 17, 1899, shows, upon its face and by its terms, that the city engineer had made no new estimate in addition to the old estimate of $25,500.00, and, therefore, the omission of the new estimate from that resolution could not have been an accident. But whether the omission of the estimate from that resolution was willful or not, its omission certainly constitutes a substantial variance, because a substantial variance is a real and material variance in distinction from a merely technical variance, and the mandate of section 7 is positive that the estimate "shall" be made a part of such resolution. The notice, which is required to be given in advance of the hearing upon the necessity of the cost of the proposed improvement, is required to contain the substance of the resolution adopted by the board, and an estimate of the cost. Hence, the requirement that the estimate shall be made a part of the resolution is for the purpose of enabling the people at the public hearing to discuss intelligently the nature, necessity, and cost of the improvement. The legislature, in this act, intended that the property owner and taxpayer should have every opportunity to know or learn what improvement his property was to be assessed for, and what such improvement was to cost. Here, he was

given notice to attend a hearing upon the subject of an improvement that was to cost $25,500.00, but he was never given an opportunity to attend any hearing upon the subject of an improvement that was to cost $29,500.00. After the public hearing on January 18, 1899, the property owners rested under the belief, that the street was to be paved at a cost of $25,500.00, but subsequently the board of local improvements raised the cost $4000.00, without giving them a chance to be heard as to an improvement to be made at such a cost.

In cities like Chicago, whose population exceeds 25,000, the act in question does not provide for a petition by the majority of the property owners before the improvement can be made. That safeguard to the rights of the property owners is confined to towns, cities, and villages having a population less than 25,000. In cities, whose population is greater than 25,000, the board has power to originate a scheme for local improvements without a petition. In addition to this, the act clothes the board of local improvements with unwonted power, because, under section 5 of the act, the city council is prohibited not only from passing, but even from considering, any ordinance for a local improvement, unless the same is first recommended by the board of local improvements. The members of that board are appointed by the mayor and not elected by the people, as are the members of the city council. In view of these extraordinary powers conferred upon the board of local improvements, the requirements as to the preliminary steps to be taken before the passage of an ordinance for the improvement, should be strictly enforced. Here, the *prima facie* case, made by the recommendation of the board, is overcome by proof showing a substantial variance from the preliminary requirements of the law. When the proof showed that no public hearing had been held on this improvement, and that the estimate of the city engineer was no part of the authorizing resolution, the void character of the ordi-

nance was established. (*Merritt* v. *City of Kewanee*, 175 Ill. 537). Unless a valid ordinance is shown, there is nothing on which a subsequent assessment proceeding can rest. A valid ordinance is the foundation of any improvement by special assessment, and cannot be dispensed with. (*City of East St. Louis* v. *Albrecht*, 150 Ill. 506).

It is claimed, however, on the part of the appellee, that the objections here under consideration were cured by the motion made by the counsel of the city, upon the trial below, to reduce the assessment roll *pro rata* $4000.00. It is true that such a motion was made and objected to, and the objection was overruled, and the overruling of the same was excepted to. But there is nothing in the record to show, that the assessment roll was actually reduced by the sum of $4000.00, and the final judgment of confirmation, which was entered on October 12, 1899, confirms the assessment roll made out upon the basis of a cost of $29,500.00, and not as reduced in accordance with the motion.

But such a reduction, if made by the court upon the motion of the city at the time and under the circumstances under which this motion was made, would not cure the difficulty. The objections, which have here been considered, were jurisdictional in character, because, the ordinance being invalid for want of a preliminary hearing upon the question of the estimate made by the engineer, the court had no jurisdiction to entertain a proceeding based upon such an invalid ordinance.

For the reasons above stated, we are of the opinion that the court erred in not sustaining the objections made by the appellants to the confirmation of the assessment.

Accordingly, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*