## THE CITY OF CHICAGO

### *v.*

## W. D. KERFOOT & CO.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

1. SPECIAL ASSESSMENTS—*a change in improvement may be made without submitting estimate at new public hearing.* Under section 8 of the Improvement act, as amended in 1901, (Laws of 1901, p. 104,) the proposed improvement may be changed at the public hearing if the estimated cost is not increased to exceed twenty per cent, and in such case no new hearing is required nor need the new estimate be submitted to the property holders.

2. SAME—*board not required to formally approve engineer's estimate.* The statute does not require the board of improvements to formally approve engineer's estimate of cost at some public meeting, the requirement being that the estimate be made and signed by the engineer, and itemized to the satisfaction of the board.

HAND, C. J., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ROBERT REDFIELD, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellant.

MASON BROS., (LOUIS M. GREELEY, of counsel,) for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county refusing confirmation of a special assessment, on the petition of appellant, levied to defray the cost of paving, curbing and grading Twentieth street from Halsted street to South Center avenue, in the city of Chicago. The petition contained a copy of the ordinance, to which no objection is made. Accompanying the ordinance was the recommendation of the board of local improvements and the engineer's estimate of the cost of the proposed improvement.

It appears from the record that on November 26, 1902, the board of local improvements passed a resolution to

improve the street named above, by "plastering curb walls, re-setting curb-stones and curbing with limestone curb-stones on limestone blocks, grading, and paving with re-pressed vitrified paving brick on two inches of sand and six inches of Portland cement concrete, joints filled with asphaltic cement, surface dressed with one-half inch of sand." The engineer's estimate of costs was $33,000 and was properly included in the resolution, and the public hearing was fixed for the 11th day of December, 1902. At the latter date, proper notice having been given, the public hearing was had, when it was determined to alter and change the improvement, and a resolution was accordingly passed amending the former resolution "so as to provide for the plastering of the curb walls, constructing granite concrete gutters and a granite concrete combined curb and gutter on cinders, grading, and paving with asphalt on six inches of Portland cement concrete, swept with natural hydraulic cement," and the engineer was directed and authorized to prepare an estimate of the cost of the improvement as amended, and the improvement was ordered to be proceeded with in accordance with the original resolution and the amendment thereof. The engineer made and presented his estimate, which showed the cost of the improvement as modified, and estimated to be $32,500. No other or further public hearing was had than that of December 11, 1902. On February 24, 1903, the secretary of the board of local improvements presented the estimate of the engineer and the draft of the ordinance for the improvement to the board, at a meeting held at that time, that the board might, if it approved the same, sign a certificate recommending the passage of the ordinance and the making of the improvement, and the board having examined the same, attached their signatures to the certificate, and the certificate or estimate of the engineer and the ordinance were presented to the city council for action, which resulted in the ordinance passing and the

petition for the improvement being filed in the county court.

The objection urged against this proceeding is, that the estimate of the engineer was not considered by the board at the time of the public hearing, and that the board had no right to adopt a resolution for an improvement, or change or alter a former resolution, until the estimate of the cost of the proposed change is made and presented to the board and submitted at a public hearing, and it is urged that unless this construction be placed upon the statute the benefit of the public hearing to the tax-payer is lost, as it is said that at such hearing the property owner has a right to discuss before the board not only the necessity of the proposed improvement and the nature thereof, but also the cost as estimated, and in support of this contention *Clarke* v. *City of Chicago*, 185 Ill. 354, is cited.

The above case is not in point. The facts there were entirely dissimilar to those in the case at bar. The improvement in that case was not abandoned at the meeting fixed for the public hearing, but at another and different meeting, after an ordinance had been passed under the first plan and proceedings for the special assessment instituted, while in the case at bar the change of plan was determined upon at the meeting for the public hearing, as provided by section 8. At that public meeting an estimate of the engineer was presented for the improvement, as intended by the first or original resolution, and was, no doubt, considered, and, so far as the court can know, it was developed upon that hearing, taking into consideration the necessity of the improvement or nature thereof and the cost as estimated, that it was better and more in keeping with the interest and wishes of the property holders to change the improvement to the one provided for by the ordinance. Whether a new estimate should have been made and presented and considered at that public hearing, or whether an adjournment should

have been taken for the purpose of allowing an estimate to be made and a hearing upon that estimate, according to the proposed change of the improvement, must be determined by the provisions of the statute. The proceeding is statutory and the board of local improvements is only required to pursue the statute, and the property holder is entitled to no more hearings nor to have any other matters considered at any hearing than the statute requires. Upon that subject, section 8 of the Local Improvement act, as amended by the amendatory act of 1901, simply provides that the "board shall adopt a new resolution abandoning the said proposed scheme or adhering thereto, or changing, altering or modifying the extent, nature, kind, character and estimated cost, provided such change shall not increase the estimated cost of the improvement to exceed twenty (20) per centum of the same without a further public hearing thereon, as it shall consider most desirable; and thereupon, if the said proposed improvement be not abandoned, the said board shall cause an ordinance to be prepared therefor, to be submitted to the council or board of trustees." Thus it will be seen that by the statute it is not required that a further estimate be submitted to the property holders or that a further or other public hearing be had, but the direction is, that the "board shall cause an ordinance to be prepared therefor," the only limitation or restriction being, that the change shall not increase the estimated cost of the improvement to exceed twenty per centum. (*McChesney* v. *City of Chicago*, 205 Ill. 611; *Washburn* v. *City of Chicago*, 198 id. 506.) In the case at bar the cost of the improvement was decreased $500.

It is urged, however, that it was necessary that the board should consider the estimate of the engineer of the board at some public meeting and should formally approve the same. Such is not the requirement of the statute. It is nowhere required that the board shall approve the estimate of the civil engineer, but the requirement is, that

such board shall cause an estimate of the cost of such improvement to be made in writing by the engineer, over his signature, which shall be itemized to the satisfaction of the board. We think it sufficiently appears by this record that an estimate of the cost of the improvement as proposed to be made by the ordinance in question was made by the public engineer, was presented to the board and was itemized to its satisfaction, as the board certified the same, with the ordinance, to the council, with its recommendation for the passage of such ordinance. It is not questioned, nor, indeed, do we think it can well be, that the legislature has authority to prescribe the steps and course necessary to be taken for such improvement, and that when it has done so the courts are not authorized to require more.

The objection urged, and sustained by the county court, should have been overruled.

The judgment of the county court is reversed and the cause remanded for further proceedings in conformity with the views here expressed.

*Reversed and remanded.*

Mr. CHIEF JUSTICE HAND, dissenting.