NATHAN WILLIAM MacCHESNEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. SPECIAL ASSESSMENTS—*house-slants need not be provided for in estimate in separate items.* It is not essential that the house and catch-basin slants required in a sewer improvement be referred to in the estimate in separate items if they are all, in fact, included in the estimate.

2. SAME—*resolution for a sewer improvement need not describe the drainage district.* It is not necessary that the resolution for a sewer improvement shall create and describe the drainage district, and the fact that the ordinance does create and describe the district does not make a variance between the resolution and ordinance.

3. Other questions raised in this case are controlled by the decisions in *Gage* v. *Chicago,* 225 Ill. 218, and *Lanphere* v. *Chicago,* 212 id. 440.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

MacCHESNEY & BRADLEY, and F. W. BECKER, for appellants.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Per Curiam : This is an appeal from confirmation of a special assessment for a system of sewers in certain streets in the city of Chicago.

It is urged that the ordinance contains no provisions for an item in the estimate of $11,500 for rock excavation. The facts in this record on this question are identical with those in *Gage* v. *City of Chicago,* 225 Ill. 218, and our conclusion in that case must control here. The holding in that case, and in *Rich* v. *City of Chicago,* 152 Ill. 18, is conclusive also on the point whether the city of Chicago is without authority to levy a special assessment for a sewer on the ground that such power is vested exclusively in the board of trustees of the sanitary district. It is not shown that the lands here in question are connected with or drained by the drainage system of said sanitary district. We express no opinion as to the law on this question when such lands are so connected and proof is made of that fact.

It is also urged that the estimate is not sufficiently itemized as to house and catch-basin slants and street connections. In *Lyman* v. *Town of Cicero,* 222 Ill. 379, relied upon by appellants, a cinder foundation for a curb was not referred to in any way in the estimate although provided for in the ordinance. In that case we said (p. 383) : "The extent to which separate items are to be set down evidently depends upon the nature of the improvement, which may all be fairly included in one item or may consist of several." The necessary house and catch-basin slants and street connections are all referred to and included in the estimate but not in separate items. We think the estimate is not erroneous in this regard.

The point as to the estimate containing the words "lawful expenses attending the same," has been considered and disposed of contrary to the contentions of the appellants in *Lanphere* v. *City of Chicago,* 212 Ill. 440, and other cases.

It is further urged that there is a variance between the first resolution and the ordinance, in that the former does

not and the latter does create and describe a drainage district. We held in *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 Ill. 505, that no assessment could be valid, based upon the prospective future connection with a sewer, unless a drainage district was created or some provision made which would eventually effect such connection. Under this doctrine it is insisted that not only the ordinance, but the resolution, should describe this drainage district, so that proper consideration could be given at the public hearing to the proposed improvement. Section 39 of the statute on local improvements (Hurd's Stat. 1905, p. 413,) provides that it shall be the duty of the officer who spreads the assessment, "when the proposed improvement is for the construction of a sewer, to investigate and report the district which will be benefited by such proposed sewer, describing the same by boundaries," but the act does not provide that the resolution shall describe the drainage district. We can not see how it would be of any special benefit to the property owners at the public hearing to have the resolution describe it unless all the property owners within the drainage district were notified of the public hearing. Section 7 of the Local Improvement act (Hurd's Stat. 1905, p. 406,) only required that the persons who paid general taxes "of land fronting on the proposed improvement" be notified. We held in *City of Chicago* v. *Kerfoot & Co.* 208 Ill. 387, that the legislature has authority to prescribe the steps and course necessary to be taken for such improvement, and when it has done so the courts cannot require more. The argument that it would be advantageous to the property owners to have the original resolution describe the drainage district should be addressed to the legislature. Such is not now the requirement of the statute.

Finding no material error in the record the judgment of the county court will be affirmed.    *Judgment affirmed.*