THE CITY OF CHICAGO, Appellee, *vs.* F. W. BECKER, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 10, 1908.*

1. SPECIAL ASSESSMENTS—*notice of application for confirmation need not describe property.* The statute does not require that a notice of application for judgment of confirmation of a special assessment shall contain a description of the property, and courts are not authorized to read such requirement into the statute.

2. SAME—*when practice followed by city is without significance.* The fact that it has been the practice of a particular city to insert in the notice of application for judgment of confirmation of a special assessment a description of the property assessed, in no way affects the requirements of the statute nor the proper construction to be placed thereon, since the statute is applicable to all cities.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

F. W. BECKER, *pro se.*

George A. Mason, and William T. Hapeman, (Edward J. Brundage, Corporation Counsel, of counsel,) for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

This was an application for judgment of confirmation of a special assessment levied under the provisions of the Local Improvement act of 1897 to pay the cost of constructing a cement sidewalk upon one of the public streets of the city of Chicago upon which the property of appellant abutted. The appellant appeared specially and objected to the jurisdiction of the court to render judgment of confirmation against his property, on the ground that there was a variance between the description of his property in the assessment roll and the notice of application for confirmation. The court overruled the objection and rendered judgment of confirmation against appellant's land, and he has prosecuted an appeal.

Section 41 of the Local Improvement act, (Hurd's Stat. 1905, p. 414,) in so far as it provides for notice of application for judgment of confirmation, reads as follows: "Notice shall be given of the nature of the improvement, of the pendency of said proceeding, of the time and place of filing the petition therefor, of the time and place of filing the assessment roll therein, and of the time and place at which application will be made for confirmation of the assessment, the same to be not less than fifteen (15) days after the mailing of such notices. Such notices shall be sent by mail postpaid to each of the said persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid, at his residence as shown in the assessment roll, or, if not shown, then to such person so paying the taxes, directed generally to the city, village or town in which said improvement is proposed to be made,"—from which it appears the notice for application for confirmation

must contain information upon the following subjects: (1) The nature of the improvement; (2) the pendency of said proceeding; (3) the time and place of filing the petition; (4) the time and place of filing the assessment roll; (5) the time and place at which application for confirmation will be made. There is, however, nothing in the statute which requires the notice to contain a description of the property to be assessed. That information is contained in the assessment roll.

In *MacChesney* v. *City of Chicago*, 227 Ill. 215, it was held that the legislature had the authority to prescribe the steps necessary to be taken in levying and collecting a special assessment, and that when it had done so the courts were powerless to require more. (See, also, *City of Chicago* v. *Kerfoot & Co.* 208 Ill. 387.) As the statute does not require the notice of the application for confirmation to contain a description of the property sought to be assessed, the courts are not authorized to read such a requirement into the statute. We are of the opinion, therefore, the objection of the appellant was properly overruled.

The fact that it may have been the practice heretofore, in some instances, in the city of Chicago, to incorporate a description of the property sought to be assessed in the notice of application for judgment of confirmation, the law being a general one and applicable to all cities, towns and villages in the State, would not change the requirements of the statute or the construction which should be placed thereon by the courts. *Chicago Union Traction Co.* v. *City of Chicago*, 209 Ill. 444.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*