THE CITY OF MT. CARMEL, Appellee, *vs.* T. G. RISLEY
*et al.* Appellants.

*Opinion filed April 23, 1914.*

1. SPECIAL ASSESSMENTS—*an objection on the ground of want of notice must be specific.* An objection that no notices of the public hearing before the board of local improvements were mailed should state that no notices were mailed to the persons in whose behalf the objection is filed, that such persons received no notices and that they were not present at the public hearing; and hence an objection which states, generally, that notices were not mailed "to parties who paid the general taxes for the last preceding year," is not sufficiently specific and may be stricken from the files.

2. SAME—*what constitutes a sufficient record of improvement board's resolution.* The statute requiring the resolution describing the proposed improvement to be at once transcribed into the records of the board of local improvements is complied with where, at the time of the public hearing, the written resolution, with others, was bound into book form and the book so kept that at any time after the adoption of the resolution anyone interested might inspect it if he cared to do so.

APPEAL from the County Court of Wabash county; the Hon. M. J. WHITE, Judge, presiding.

E. B. GREEN, FRANK FORNOFF, and W. S. WILLHITE, for appellants.

IRA F. WOOD, City Attorney, and HOWARD P. FRENCH, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The city of Mt. Carmel filed its petition in the county court of Wabash county to levy a special assessment to pay the cost of improving a portion of Fourth street, in said city. To this petition the appellants filed ten objections. Objection No. 3 was stricken by the court. Objections Nos. 9 and 10 were relative to benefits and were withdrawn. A hearing was had on the remaining legal objections, which

objections were overruled by the court and a judgment of confirmation of the assessment roll was entered against all the lots described therein. The objectors prayed an appeal to this court, and assign as error the action of the court in sustaining the motion filed by the petitioner to strike objection No. 3 from the files, the overruling of objection No. 8, and the confirmation of the assessment roll and entering judgment against the lots owned by objectors.

Objection No. 3 is as follows: "That the notices of the public hearing before the board of local improvements were not mailed to parties who paid the general taxes for the last preceding year in which taxes were paid, as required by law."

Objection No. 8 is as follows: "The entire proceedings herein are void, for the reason that the resolution of the board of local improvements providing for said improvement and other proceedings herein have not been transcribed into the records of the said board, as provided by law."

Section 7 of the Local Improvement act, (Hurd's Stat. p. 406,) under which the proceedings were had, provides that when the board of local improvements has adopted a resolution for the improvement said board shall fix a day and hour for the public consideration thereof, and further provides, among other things, that "notice of the time and place of such public consideration or hearing shall be sent by mail directed to the person who paid the general taxes for the last preceding year on each lot, block, tract or parcel of land fronting on the proposed improvement, not less than five days prior to the time set for such public hearing." The object of the notice so provided for is to advise those persons whose property will be assessed of the cost of such improvement if the same is finally determined upon, so that they may be present and object thereto and give their reasons to such board. We have held that the preliminary action of the board of local improvements under sections 7 and 8 of the Local Improvement act, fixing a time for a

public hearing, accompanied by the required estimate, is essential to the validity of an ordinance for a local improvement, and that without such preliminary action the county court is without jurisdiction to proceed. (*Clarke* v. *City of Chicago,* 185 Ill. 354; *Bass* v. *City of Chicago,* 195 id. 109.) If, as a matter of fact, notices of this public hearing had not been mailed to certain of the objectors, or any of them, as the law required, and if, as a consequence, such objectors had no notice of the public hearing and did not attend the same, we think an objection of such objectors embodying these facts would be well taken and it would be error for the court to strike such an objection. We have held that striking objections to an application for judgment and order of sale from the files and refusing to hear evidence in support thereof amount to holding that the facts stated therein constitute no legal objection to the application for judgment. *People* v. *Conway,* 253 Ill. 140.

Objection No. 3 is technically defective as not being in the language of the statute, but a more serious fault is, that it does not state that no notices were mailed to the persons in whose behalf it is filed, and that such persons received no notices and were not at the public hearing. An inspection of the record shows that every one of the objectors filed the series of objections individually. The mailing of notices as required by the statute was a personal matter to each person whose property would be affected by the proposed improvement and assessment. It would be no valid objection for any one of the objectors to say that no notices had been mailed to other persons who had paid taxes on other property than that of such objectors, nor would such an objection avail if such objectors had actually been present and had a full hearing at the public hearing even though no notices had been mailed to them. The record recites that notices were mailed and that there was a public hearing, and it nowhere appears that any of the objectors were not at such hearing. We cannot say it was reversible

error to strike the objection in the form in which it was filed.

As to the other objection, section 7 provides that the board of local improvements shall have the power to originate a scheme for any local improvement to be paid for by special assessment or special tax, either with or without a petition, and in either case shall adopt a resolution describing the proposed improvement, which resolution shall be at once transcribed into the records of the board. The objectors claim that it is the duty of the board to copy the resolution into a special book to be kept as a record, and we think that would be the better plan. While the law provides that the resolution shall be transcribed into the records of the board it does not provide how such records shall be kept, and the manner of keeping the records is evidently left to the discretion and sound judgment of the members of the board. It would not be necessary for the law to prescribe in detail how such records should be kept, as that would vary, according to the necessities of the case, in different cities and according to the amount of business before the board. The statute does require certain officers to keep their records in well-bound books, but there is no provision of that kind as to the records of a board of local improvements. There must be a written record of the resolution describing the proposed improvement, and it would be entirely possible under such requirement, in the case of a local improvement originating with the board, for the resolution to be made orally, but when it is acted on, the resolution shall be written and kept among the records of the board. The resolution in this case was written, and at the time of the public hearing the resolution, which embodied the improvement in controversy, was, with others, bound into book form and so was a matter of record, and as the secretary of the board testified, they kept the record in that manner because they found it more convenient. This court held in *Lanphere* v. *City of Chicago,* 212 Ill. 440, that a substantial

compliance with section 7 is sufficient. We also held in *City of Carbondale* v. *Walker*, 240 Ill. 18, that where the board of local improvements, at the conclusion of the public hearing, adopts a new resolution adhering to the original resolution with certain specified changes, and the fact of the adoption of the new resolution is shown on the records of the board, the new resolution need not "at once be transcribed into the records," as is required of the original resolution, and it is sufficient if it is spread upon the records, by way of amendment of the minutes, at the next meeting. The above case further holds, on page 21 of the opinion, that the purpose of transcribing the resolution into the records is to have the original resolution of record, so that persons notified to attend the public hearing may ascertain the purport of the resolution by inspecting the resolution. So far as is shown here, the resolution and all matters required to be shown by it were of record, and the records were in such shape that the resolution could have been inspected by anyone interested in the proceeding who cared to do so, at any time after its adoption. If the resolution in question had not been made a matter of record in any way, or if said records had not been preserved or the persons interested had been unable to inspect the records, a different question would be presented. If we were to construe the law as contended for by the appellants as to how such records should be kept, then the object of the law might be defeated by the carelessness or inefficiency of some member of the board.

We do not think the errors complained of are sufficient to justify a reversal of the case, and the judgment of the county court will be affirmed.          *Judgment affirmed.*