(No. 12234.—Judgment reversed.)

THE VILLAGE OF LOVINGTON, Appellee, vs. JAMES A. GREG-
ORY et al. Appellants.

*Opinion filed February 20, 1919—Rehearing denied April 2, 1919.*

1. SPECIAL ASSESSMENTS—*it is not material who mails notices to
property owners.* Where the notices to the property owners re-
quired by section 7 of the Local Improvement act are signed by
the proper parties it is of no consequence who actually mails the
notices if the parties to whom they are addressed receive them.

2. SAME—*when parties waive objections to jurisdiction.* In a
special assessment proceeding, where property owners have filed
objections to the jurisdiction of the person under a special and
limited appearance, by afterwards filing objections to the merits
they waive their right to insist, on appeal, that the court was de-
prived of jurisdiction because there were not fifteen days between
the last publication and the hearing.

3. SAME—*estimate for brick pavement need not itemize cost of
cement filler.* In a special assessment proceeding the estimate of
the cost is sufficiently specific if it gives the property owner a gen-
eral idea of what it is estimated the substantial component elements
of the improvement will cost, and an estimate of the cost of pav-
ing a street with brick need not itemize the cost of the cement filler.

4. SAME—*ordinance need not provide for payment of portion of
assessment out of general fund.* Under a special tax proceeding
the council has the sole power to determine what proportion of the
levy shall be borne by the public, and that determination is not
subject to review by the court; but in a special assessment pro-
ceeding it is not necessary for the ordinance to provide that any
portion of the assessment shall be paid out of the general fund but
the commissioner appointed to make the assessment decides the
proportionate shares, and his decision may·be reviewed.

5. SAME—*when objectors cannot complain of division of assess-
ment into installments.* Objectors to a special assessment who are
in no way prejudiced by the division of another property owner's
assessment into a lump sum for the first installment and only one
dollar for each of the other installments cannot complain, on ap-
peal, that such division does not comply with the statute.

6. SAME—*address of estimate is not a substantial part thereof.*
The fact that the estimate of cost required by section 10 of the
Local Improvement act to be presented to the council or board of
trustees is instead addressed to the board of local improvements
cannot affect the validity of the proceedings, where such estimate
is considered and acted upon by the city council.

7. SAME—*requirement of the statute as to itemized estimate and certificate is mandatory.* The itemized estimate of cost is not sufficiently certified where the president of the board of local improvements merely certifies, over his signature to the estimate, that the cost is a certain amount, but it is mandatory that the estimate not only be itemized to comply with the statute but that it shall also be certified to by the proper officer that in his opinion the estimate does not exceed the probable cost of the improvement.

8. SAME—*preliminary steps necessary before passage of an improvement ordinance are jurisdictional.* Where property of a citizen may be taken upon notice to the owner by publication and without personal service of process, no presumption can be raised in support of the jurisdiction of the court in which the proceedings are carried on unless such proceedings are in strict conformity with the statute, and all preliminary steps required to be taken before the passage of a local improvement ordinance should be strictly enforced and followed.

9. SAME—*valid ordinance is foundation of any improvement by special assessment.* A valid ordinance is the foundation of any improvement by special assessment, and unless a valid ordinance is shown there is nothing on which a subsequent proceeding can rest.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

J. L. McLAUGHLIN, E. J. MILLER, C. R. PATTERSON, and JENNINGS & ELDER, for appellants.

W. G. COCHRAN, and F. K. LEMON, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The village of Lovington, by its president, J. S. Strohm, filed in the county court of Moultrie county a petition praying that steps be taken to levy a special assessment to pay the cost of a local improvement in said village,—the paving with brick of parts of State, County and Broadway streets. Attached to the petition was a copy of the ordinance authorizing the improvement and also a copy of the recommendation of the passage of said ordinance by the board of local improvements. The estimate of the cost of the im-

provement was also attached and made a part of the petition by reference. Appellants, James A. Gregory, Byron Cheever, G. E. Foster, J. W. Dawson, E. J. Miller, W. S. Idleman, W. T. Harmon and the Pittsburg, Cincinnati, Chicago and St. Louis Railroad Company, with a large number of other objectors, filed objections under a special and limited appearance to the jurisdiction of the court. All of said objections were overruled and leave was granted to the objectors to file objections to the assessment roll. Thirty-eight objections were filed going to the merits, the last two of which were that the property of the respective objectors was not benefited to the amount assessed against it and that each tract was assessed more than its proportionate share of the cost of the improvement. All of the objections except the last two were overruled by the court and those two were withdrawn. The court then entered a judgment confirming the assessment, and this appeal followed.

Appellants insist that the court erred in overruling their objections to the jurisdiction of the court filed under their special and limited appearance. Their contention is, that inasmuch as the record affirmatively shows that the notices required to be sent to the property owners assessed by section 7 of the Local Improvement act were mailed by A. A. Brown, who was neither a member of the board of local improvements nor of the village board of trustees, the statutory notice required was not given. No contention is made either in the objections filed or in the argument that appellants did not receive the notices. So far as the record shows the notices were signed by the proper party. It is of no consequence who actually mailed the notices if the parties to whom they were addressed received them. *City of Mt. Carmel* v. *Risley,* 263 Ill. 299.

It is further insisted that the notices which were sent to the property owners do not show when the resolution referred to therein was passed, and that the certificate of publication of the publisher who published the notice shows

that the last insertion of the notice was on the 19th day of October, 1917, and the hearing was set for October 30, 1917, so that there were not fifteen days intervening between the last publication and the hearing, which facts, they contend, deprived the court of jurisdiction. The record shows that the first publication of the notice was more than fifteen days prior to the day set for hearing. If it be conceded that such objections were valid, the appellants have waived their right to insist upon the same by afterwards filing objections to the merits, since neither of the objections filed under the special and limited appearance went to the jurisdiction of the subject matter but merely to the jurisdiction of the persons. *Porter* v. *City of Chicago,* 176 Ill. 605; *Hintze* v. *City of Elgin,* 186 id. 251.

It is also contended that there is a variance between the ordinance and the estimate because the estimate fails to itemize the cost of the cement filler, and therefore failed to show the cost of a component element of the improvement. This objection is not tenable. The ordinance specifically stated the composition of the concrete filler. The estimate included the filler in the item of square yards of vitrified brick paving with a Portland cement concrete foundation, with a cement and sand cushion, in the following words: "A Portland cement grout-filler to fill all interstices between the brick." The composition of the concrete filler and the cost thereof were not separately itemized, but the estimate is in substantial compliance with the statute. It was sufficiently specific to give the property owner a general idea of what it was estimated the substantial component elements of the improvement would cost, and that is sufficient. *Hulbert* v. *City of Chicago,* 213 Ill. 452.

The contention that the ordinance failed to provide for any portion of the assessment to be paid out of the general fund or what proportion should be borne by the public and the property owners, and therefore rendered the assessment roll invalid because it assessed $1000 against the pub-

lic, cannot be sustained. The ordinance provided that the cost of the improvement should be paid by special assessment. Under a special tax proceeding the council has the sole power to determine what proportion of the special tax levied to pay for the improvement shall be borne by the public, and that determination is not subject to review by the court. In a special assessment proceeding like the one before us the commissioner appointed to make the assessment decides those proportionate shares, and his decision can be reviewed by the trial court. It was therefore not necessary for the ordinance to provide that any portion of the assessment should be paid out of the general fund. *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296.

The assessment roll shows the first installment of L. G. Hostetler was for $211 and that each of the other installments was for only one dollar. Appellants insist that this entry in the assessment roll vitiates it because not in compliance with the provision of section 42 of the statute that "such division shall be made so that all installments shall be equal in amount, except that all fractional amounts shall be added to the first installment, so as to leave the remaining installments of the aggregate equal in amount." As appellants were in no way prejudiced by the division of Hostetler's assessment into installments they cannot make this a successful cause of complaint on this appeal. *Shannon* v. *Village of Hinsdale,* 180 Ill. 202.

The objection that the estimate of the cost required by section 10 of the Local Improvement act should be presented to the council or board of trustees instead of to the board of local improvements is technically correct, but the address of the estimate is not a substantial part thereof and consequently a mistake therein could not affect the proceedings. It was considered and acted upon by the city council, and the fact that it was not addressed to it is not important. The objection, however, that the estimate of the cost was not properly certified should have been sustained.

Section 10 of the Local Improvement act provides that the estimate of the cost shall be "over the signature of the engineer of the board, if there be one; if not, then of the president of said board, who shall certify that, in his opinion, the said estimate does not exceed.the probable cost of the improvement proposed, and the lawful expenses attending the same." The estimate in this case was signed by J. S. Strohm, the president of the board, and certified as follows: "I do hereby certify that the estimate of the cost of the local improvement [here follows description of the streets to be improved] by paving, curbing, grading and surface drainage with what is known and called vitrified brick pavement, including the cost of all labor and the furnishing of all materials, and the lawful expenses attending the same, is the sum of seventy-eight thousand and thirty-seven dollars and twenty-one cents, ($78,037.21,) itemized as follows." The itemized estimate then followed the quoted language of the certificate. It is mandatory that the estimate not only be itemized in substantial compliance with the statute but that it shall also be certified to by the proper officer that in his opinion the estimate does not exceed the probable cost of the improvement. The council or board of trustees vote upon the passage of the ordinance submitted and recommended by the board of local improvements, in accordance with their judgment, as officers, as to the advisability of the proposed improvement. The cost of the improvement is one of the material elements upon which their official discretion is necessarily based, and they and the parties affected by the improvement are entitled to know that an excessive assessment is not to be spread against the property in accordance with the estimate. The legislature intended by said section that the officer signing the estimate should limit it to an amount, in his opinion, not in excess of the probable cost of the work. Where an estimate is made greatly in excess of the proposed improvement, no guidance would be furnished to

officials or property owners in the letting of the contract or the spreading of the assessment. The assessment spread by the special assessor is based upon the estimated cost, and unless the estimate is limited to the probable cost the property owners affected may suffer an injury not intended by the legislature. Where property of a citizen may be taken upon notice to the owner by publication and without personal service of process, no presumption can be indulged in support of the jurisdiction of the court in which the proceedings are carried on unless such proceedings are in strict conformity with the statute. All preliminary steps required to be taken before the passage of an ordinance for such an improvement should be strictly enforced and followed. (*City of Chicago* v. *Stein,* 252 Ill. 409; *Clarke* v. *City of Chicago,* 185 id. 354.) The estimate of the cost and all the preliminary requirements necessary to be taken before the passage of an improvement ordinance are jurisdictional. The requirement of the statute as to the engineer's estimate and his certificate thereto is mandatory. (*City of Chicago Heights* v. *Angus,* 267 Ill. 628.) A valid ordinance is the foundation of any improvement by special assessment and cannot be dispensed with. Unless a valid ordinance is shown there is nothing on which a subsequent proceeding can rest. *City of Chicago* v. *Farwell,* 260 Ill. 565.

The mandatory provisions of the statute relative to the certificate to the estimate not having been complied with, the ordinance upon which the proceedings in this case are based is invalid, and the court erred in not sustaining that objection of appellants.

The judgment of the county court is reversed.

*Judgment reversed.*