(No. 19373.—

THE CITY OF MATTOON, Appellee, *vs.* R. A. JENNINGS *et al.* Appellants.

*Opinion filed June 19, 1929—Rehearing denied October 5, 1929.*

JOHN McNUTT, for appellants.

CARL D. KIGER, (VAUSE & KIGER, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city of Mattoon filed a petition in the city court of Mattoon for the levy and confirmation of a special assessment to defray the cost of paving and improving Western avenue in that city. Fifty-seven owners of land objected

to the jurisdiction of the court and moved to dismiss the petition. The objections were overruled and the motion was denied. The objectors elected to stand upon their objections and motion, and judgment of confirmation was rendered. They prosecute this appeal.

On May 2, 1928, the board of local improvements of the city of Mattoon adopted a resolution describing the proposed improvement. An estimate of the cost of the improvement was made, and the board fixed the time and place for its public consideration on May 24, 1928, at 3 :00 P. M. in the city court room. Notices of the hearing were mailed to the persons who paid the general taxes for the last preceding year on the lots, blocks, tracts and parcels of land fronting on, "and that may be benefited by," the proposed improvement. The names of these tax-payers were taken from the tax books in the possession of the county collector. Copies of the estimate of the cost of the improvement and of the board's resolution accompanied the notices. The public hearing was held, and at its conclusion the board adopted a resolution making certain changes in the proposed improvement and reducing its estimated cost. An ordinance providing for the construction of the improvement as modified, together with an estimate of its cost as reduced and the recommendation by the board of local improvements, was transmitted to the city council. The ordinance was passed by that body, and thereafter the petition in the instant proceeding was filed in the city court.

The person appointed to make the assessment of the cost of the improvement filed an assessment roll and report. He certified under oath, among other things, that he caused a careful investigation of the tax books to be made, and that the assessment roll and report contained a list of all the lots, blocks, tracts and parcels of land assessed for the proposed improvement, the amount assessed against each, the name of the person who paid the taxes on each such parcel during the last preceding calendar year

in which taxes were paid, his place of residence and the amount of each installment. The person directed to make the investigation filed an affidavit that he had made a careful examination of the books of the county collector showing the payments of general taxes during the last preceding year in which taxes were paid, to ascertain the persons who paid the taxes on the respective parcels assessed; that he also made a diligent search for their residences, and that the assessment roll correctly stated their names and places of residence.

A time and place were fixed at which application for the confirmation of the assessment would be made. Notices of the hearing were published, posted and mailed. A certificate of the publication and affidavits of the posting and mailing of the notices were filed. The affidavit of mailing set forth that notices of the hearing were sent by United States mail, postage prepaid, on a certain day, to each of the persons paying the taxes on the respective parcels assessed for the improvement during the last preceding year in which taxes were paid, addressed to such person at his residence as shown by the assessment roll filed, or if such residence was not shown, then to such person directed generally to the city of Mattoon.

The first objection to the confirmation of the assessment urged by the appellants is, that the notices required by section 7 of the Local Improvement act were mailed to the persons who paid the general taxes for the year 1927 when they should have been sent to the persons who paid the taxes for 1926. Section 7, which, among other things, prescribes the proceedings of the board of local improvements preliminary to a public hearing upon the question of the necessity of a proposed improvement, its nature or cost as estimated, provides that "notice of the time and place of such public consideration or hearing shall be sent by mail directed to the person who paid the general taxes for the last preceding year on each lot, block, tract or parcel of

land fronting on the proposed improvement not less than five (5) days prior to the time set for such public hearing." (Cahill's Stat. 1927, p. 325; Smith's Stat. 1927, p. 474.) The record shows that notices of the public hearing were mailed to the persons who paid the general taxes for the last preceding year on the parcels of land fronting on and that might be benefited by the proposed improvement. The original resolution was adopted by the board of local improvements on May 2, 1928. The public hearing necessarily followed and was fixed on May 24, 1928. Obviously, the year last preceding the public hearing was 1927. Taxes for that year were payable and in collection prior to that time. It appeared from the evidence that the tax books for the year 1927 were used to the extent that they showed the names of the tax-payers; that where these books failed to show such names the books for the year 1926 were used; that so far as the appellants were concerned their names appeared on the tax books for both years and the two lists were identical, and that notices of the hearing were mailed accordingly. The object of the statute is to enable persons to whom the notice is addressed to be heard by the board of local improvements. (*City of Mt. Carmel* v. *Risley,* 263 Ill. 299; *City of Chicago* v. *Lord,* 277 id. 397; *Boone's Pond Drainage District* v. *O'Daniel,* 291 id. 528.) The appellants do not contend that they did not receive notice nor that they were prevented from being heard at the public hearing. The objection is untenable.

Complaint is made by the appellants that notices of the public hearing were mailed to the persons who paid the general taxes for the last preceding year on the lots which might be benefited by the proposed improvement. Section 7 of the Local Improvement act requires the notice to be directed to the person who paid such taxes for the last preceding year on each parcel of land fronting on the proposed improvement. The notices were mailed, the record discloses, not only to the persons who paid the taxes on the

lots fronting on the contemplated improvement, but also to the persons who paid the taxes on the lots to be benefited thereby. Non-compliance with the statute in the respect charged cannot, therefore, be successfully asserted, for the statutory requirement, it appears, was exceeded. No claim is made that the appellants did not have notice of the public hearing, and if some other person paid the general taxes for the last preceding year on a lot or parcel of land fronting on the proposed improvement and failed to receive such notice, the objection of the want of notice to him is not available to the appellants. *City of Mt. Carmel* v. *Risley, supra.*

The appellants further object that either at the conclusion of the public hearing on May 24, 1928, or at an adjournment of that meeting, the board of local improvements should have required a new estimate of cost and adopted a new resolution; that the meeting of May 24 was not adjourned, but that at another meeting held on June 19, 1928, the plan for the improvement was adopted by the board, and that these proceedings contravened the provisions of sections 7 and 8 of the Local Improvement act. Section 7 requires the board to adopt a resolution describing the proposed improvement and fixing a day and hour for its public consideration, notice of which must be given. The same section directs the board to cause an estimate of the cost of the improvement to be made, "which shall be made a part of the record of such resolutions." By section 8 the board is obliged, at the time and place fixed in the notice for the public hearing, to meet and hear the representations of any person desiring to be heard on the subject of the necessity for the proposed improvement, the nature thereof or the cost as estimated. In case any person shall appear to object to the proposed improvement or any of its elements the board shall adopt a new resolution abandoning the proposed scheme or adhering thereto, or changing, altering or modifying the extent, nature, kind, character and

estimated cost, without a further public hearing, provided the change does not increase the estimated cost to exceed twenty per cent, and if the proposed improvement is not abandoned the board shall cause an ordinance therefor to be prepared and submitted to the city council. The original resolution describing the proposed improvement had been adopted and the original estimate of cost had been made prior to the public meeting. The statute, it will be observed, did not require that a new estimate of cost should be submitted to the property owners or tax-payers at that meeting or that another public hearing should be afforded them. A change may be made in the plan of a proposed improvement at the public hearing before the board of local improvements without a further public hearing where the change does not increase the estimated cost more than twenty per cent. (*City of Chicago* v. *Kerfoot & Co.* 208 Ill. 387; *Washburn* v. *City of Chicago,* 198 id. 506.) In such a case a new estimate of cost need not be submitted to the property owners. (*City of Chicago* v. *Kerfoot & Co. supra.*) The record of the meeting of May 24, 1928, shows that after all persons had been heard with respect to the necessity for the proposed improvement, its nature or estimated cost, a new resolution making certain changes in the improvement and reducing its cost was offered and adopted. That resolution appears at length in the record of the meeting. The property owners or tax-payers knew, or at least had the opportunity to ascertain, what changes had been made. The appellants have not shown that they were concerned in or prejudiced by any action taken by the board of local improvements at the meeting of June 19, 1928. The changes made at the public hearing on May 24, 1928, resulted in a decrease, and not an increase, in the estimated cost of the proposed improvement. The adoption of a new resolution embodying the changes or modifications was required by section 8, and the record of the meeting shows compliance with that requirement.

Complaint is further made by the appellants that the names of certain tax-payers were omitted from the assessment roll. The affidavits filed in the proceeding disclose that a careful examination was made of the county collector's books showing the payments of general taxes during the last preceding year in which the taxes were paid, to ascertain the person or persons who last paid the taxes on the respective parcels of land described in the assessment roll; that diligent search and inquiry were made to ascertain their places of residence, and that the assessment roll and report correctly set forth such names and places of residence. Section 41 of the Local Improvement act (Cahill's Stat. 1927, p. 332; Smith's Stat. 1927, p. 488;) provides that the report and affidavit shall be conclusive evidence, for the purpose of the proceeding, of the correctness of the assessment roll in the particulars specified, but that in case the affidavit shall be found in any respect willfully false, the person making it shall be deemed guilty of perjury and subject to the pains and penalties provided for that offense by the laws of this State. There is no pretense that the name of any appellant was omitted from the assessment roll, but even if some property owner other than an appellant had been so omitted, none of the appellants could urge the objection.

The constitutionality of section 41 of the Local Improvement act to the extent that it makes the affidavit of the person appointed to make the assessment conclusive evidence, for the purpose of the proceeding, of the correctness of the assessment roll in the particulars above stated, is questioned by the appellants. The contention does not affect the city court's jurisdiction of the subject matter of the instant proceeding, and since it was not raised in that court but is first urged here it need not be considered.

The appellants make other contentions for the reversal of the judgment. A review of them discloses that they raise no question of jurisdiction and that they do not con-

cern the appellants or any parcel of land in which they are interested. The rule has been announced repeatedly that a party cannot assign as error that which concerns not himself but another solely. *Gibler* v. *City of Mattoon,* 167 Ill. 18.

The judgment of the city court is affirmed.

*Judgment affirmed.*